[No. 12567. In Bank.—May 31, 1888.]

WILLIAM M. PAGE, PETITIONER, v. SUPERIOR
COURT OF ALAMEDA COUNTY ET AL., RE-
SPONDENTS.

JUDGMENT — ENTRY IN JUDGMENT-BOOK — DISMISSAL OF ACTION. — An ac-
tion which is directed to be dismissed by the plaintiff is not dismissed
until the judgment of dismissal has been entered in the judgment-book,
and an entry of the dismissal made in the register of actions. The mere
entry of the dismissal in the register of actions is not enough.

APPLICATION for a writ of *certiorari*. On the 30th of
July, 1886, the petitioner brought an action for divorce
against his wife, Emily C. Page. The defendant an-
swered on the 3d of December, 1887, without claiming

any affirmative relief, but praying for alimony and costs. On the 15th of December, 1887, the court made an order awarding her alimony and counsel fees, which order was on the 3d of January, 1888, set aside, and the motion for alimony set for hearing on the 23d of January, 1888. On the 6th of January, 1888, the plaintiff filed a dismissal of the action with the clerk, and an entry of the dismissal was made in the register of actions, but no judgment of dismissal was entered in the judgment-book. Subsequently the court made certain orders in relation to alimony and counsel fees, to annul which the present proceeding was brought. The further facts are stated in the opinion of the court.

*S. B. McKee, Jr.*, and *Flournoy & Mhoon*, for Petitioner.

*James L. Crittenden*, and *Henry P. Bowie*, for Respondents.

The COURT.—The record of the action for divorce, wherein the petitioner is the plaintiff and Emily C. Page is the defendant, having been brought here by *certiorari*, the petitioner prays that certain orders of the superior court (relating to alimony and counsel fee) be declared null, because they were made after an entry in the clerk's "register of actions" dismissing the action for divorce.

The register of actions is a book in the possession and under the control of the clerk, and in the absence of evidence to the contrary, all entries in the book are presumed to have been made by the clerk. For aught that appears, the entry of the dismissal of *Page* v. *Page* is in the handwriting of the clerk. On the face of the record the dismissal is *attested* by a deputy clerk. The entry is regular in form. (Code Civ. Proc., sec. 581.)

But no judgment was "entered accordingly." (Code Civ. Proc., secs. 581, 668.) The direction to enter a judgment in the judgment-book is mandatory, because it imposes a public duty upon a ministerial officer. In

a proper case, if the clerk's fee is paid, he will, on motion either of the plaintiff or defendant, be compelled by the superior court to enter a judgment of dismissal or nonsuit; the court will not require of the party interested to resort to *mandamus.* But until the judgment is entered, the action is not dismissed.

It is very commonly said that where no answer or demurrer is filed in an action for money only, the plaintiff may take a default and judgment. The clerk must, on application of the plaintiff, enter the default, and immediately thereafter a judgment. When it is said that an action may be dismissed, or a judgment of nonsuit entered by the plaintiff himself, no more is meant than that he may apply to the clerk for the entry of dismissal in the clerk's register, and a judgment accordingly. It would not be contended that the plaintiff dismisses an action by requesting the clerk to enter a dismissal in the register of actions, even though the action be one which the plaintiff has clearly the right to have dismissed. It was for the legislature to declare what should constitute the evidence of dismissal; and the statute requires both the entry in the register and the entry of a judgment. The power of the clerk to enter a judgment depends upon his power to make an entry of dismissal in the register. He has no power to enter a dismissal in the register if a counterclaim has been made by the defendant. True, in determining in a particular case whether he shall make the register entry, the clerk enters into an inquiry *quasi* judicial, but this does not make him a judicial officer. A ministerial officer is frequently required to make such an inquiry antecedently to official action. When the validity of the entry in the register or of a judgment thereon is attacked, either directly or collaterally, the validity of the entry or judgment, and the power of the clerk to make it, must be decided by reference to the pleadings in the action.

In an appropriate case, the plaintiff may demand of

the clerk to make record evidence of the dismissal of the action.   If the demand is complied with, and the register order is made and a judgment entered in the judgment-book,—the clerk having power to enter the order,—a subsequent order of the superior court vacating the judgment is erroneous, and will be reversed on appeal. (*James* v. *Center*, 53 Cal. 31.)   But such an order, however erroneous, is not void.   It is an order after judgment is made in the exercise of the general jurisdiction of the court, and if not appealed from, the order operates permanently to vacate and annul the entry in the clerk's register as well as the judgment.

On the other hand, if the case be one in which the clerk has no power to make the entries because of a counterclaim or cross-complaint, the clerk's judgment may be set aside by the court, or may be appealed from. A void judgment is appealable, and it may be set aside as cumbering the records.

After making the entry in his register, the clerk may justify a refusal to enter a judgment if he had no power to enter the dismissal in his register, or if, on demand, his fee for entering the judgment has not been paid.

A judgment of *nonsuit* at common law was where the plaintiff, after giving his evidence, found that it would not sustain his case, and voluntarily made default by absenting himself when called on to hear the verdict. The court gave judgment against him for this default; but the proceeding was really for his benefit, because after nonsuit, he could institute another action for the same cause, which was not the case (except in ejectment) after a verdict and judgment against him.   The proceeding where a plaintiff seeks under the code to dismiss the action before trial is so far analogous; and it is no hardship to require of the plaintiff to see to it that all those things are done which are by the code made necessary to complete the dismissal.

When a formal entry of a judgment is made, the judg-

ment and registry order are void if a counterclaim is set up in the answer. It is possible that under some circumstances a defendant might be estopped from asserting the invalidity, as by himself applying for the judgment of nonsuit, or perhaps by some other act or omission. But that is a question we need not consider here.

If, as we hold, the action of *Page* v. *Page* has never been dismissed, the orders sought to be annulled are not *void*.

The prayer of the petitioner is denied, and the proceeding is dismissed.