[No. 12640.  In Bank. — September 22, 1888.]

WILLIAM M. PAGE, APPELLANT, v. EMILY C. PAGE, RESPONDENT.

DISMISSAL OF ACTION — WHAT CONSTITUTES. — An entry in the clerk's register does not constitute a dismissal. The action is not dismissed so as to deprive the court of control over the cause until a judgment has been entered.

ORDER INADVERTENTLY MADE. — An order obtained "by means of an artifice and trick practiced upon the court" may be set aside by the court which made it.

APPEAL from an order of the Superior Court of Alameda County vacating an order setting aside a previous order for alimony.

The facts are stated in the opinion.

*S. B. McKee, Jr.,* for Appellant.

*Flournoy & Mhoon,* for Respondent.

HAYNE, C —In a suit for divorce the trial court made an order that the plaintiff pay to the defendant a certain sum as alimony and counsel fees, *pendente lite.* About three weeks afterward the court made a second order setting aside the first. Thereupon the plaintiff took certain steps, which, it is claimed, constituted a dismissal of the suit. A few weeks after this the court made a third order, wherein it is recited that the second order, setting aside the order for alimony and counsel fees, was "obtained by means of an artifice and trick practiced upon this court." The plaintiff attempted to have this third order annulled on *certiorari,* but failing in this, took the present appeal, which is from the third order.

The contention on the part of the appellant is, that at the time the third order was made the suit was dismissed, and the court had no jurisdiction to take any further steps therein. And the question is, whether said action was dismissed as contended.

There was a proper entry of dismissal in the clerk's register, but no judgment entered thereon. The statute provides that "the dismissal . . . . is made by entry in the clerk's register; *judgment may thereupon be entered accordingly.*" (Code Civ. Proc., sec. 581.) The entry of judgment seems to be the final step in the process of dismissal. And it was held, upon the application for *certiorari,* that until judgment was entered the action was not dismissed, the court saying: "It was for the legislature to declare what should constitute the evidence of dismissal, and the statute requires both the entry in the register and the entry of a judgment." (*Page* v. *Superior Court,* 76 Cal. 372.) That case determined the precise question involved here.

It may be that as against the plaintiff himself the action would, for some purposes, be considered dismissed upon a proper entry in the register. We express no opinion as to that. But we think the dismissal is not complete, in the sense that the control of the court over the cause is terminated, until the judgment is entered. Taking that to be the case, it cannot be doubted that the court had ample power to set aside an order obtained as this appears to have been.

The other positions do not require special notice.

We therefore advise that the order appealed from be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order appealed from is affirmed.