MILLER, Appellant, *v.* NORTHERN PACIFIC RAIL-
WAY COMPANY, Respondent.

(No. 1,826.)

(Submitted March 22, 1904.   Decided April 22, 1904.)

*Actions—Dismissal by Plaintiff—Payment of Costs—Statutory
Construction.*

1.  Under Code of Civil Procedure, Section 1004, Subdivision 1, the payment of defendant's costs is not a prerequisite to the exercise of plaintiff's right to dismiss the action.

2.  When a plaintiff at any time before trial files a *praecipe* with the clerk for the dismissal of the action, and the dismissal has been entered on the register of actions, the case is dismissed, and has passed beyond the jurisdiction of the court, save for the sole purpose of entering a judgment for costs in favor of defendant under Section 1008, Code of Civil Procedure.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

ACTION by George A. Miller against the Northern Pacific Railway Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

*Mr. Gib. A. Lane,* and *Messrs. Walsh & Newman,* for Appellant.

*Mr. William Wallace, Jr.,* and *Mr. C. A. Donnelly,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court:

Appeal from judgment of the district court of Yellowstone county. Suit was instituted in justice's court by Miller (appellant) against the railroad company (respondent). Trial was had, which resulted in a judgment in favor of plaintiff for $150 and costs, from which defendant has appealed to the district court.

After the filing of the justice's transcript in the district court, and on the 28th day of August, 1901, plaintiff's attorney filed the following *praecipe* in the district court: "To the clerk of said court: Please dismiss the above-entitled action on motion of plaintiff at the cost of plaintiff, costs tendered herewith." The clerk thereupon made the following entry on his register of actions: "This action is hereby dismissed at plaintiff's cost. $7.50 deposited as costs with the clerk." On September 27, 1901, defendant (respondent here) filed a motion "to set aside

the so-called entry of dismissal made by the clerk of this court in the above-entitled action" upon certain grounds, which are immaterial to the consideration of the questions involved herein. This motion was sustained by the court. On the *21st day of October,* the judge of the court, at *Miles City, Custer county,* at the request of counsel for defendant, set the case for trial at 9 a. m. on October 29, 1901, and upon that day ordered judgment for defendant for $188.50 costs, which included $155.60 for fees of witnesses who were subpœnaed on *October 29, 1901.* Plaintiff made a motion to tax costs, objecting to this and other items, which motion was overruled.

The only important question to be determined is, what was the effect of the action of plaintiff's attorney in filing the *praecipe* for dismissal, and of having the dismissal entered in the clerk's register of actions on August 28, 1901?

The provisions of Section 1004 of the Code of Civil Procedure, in so far as involved herein, are: "An action may be dismissed, or a judgment of nonsuit entered in the following cases: (1) By the plaintiff himself, at any time before trial, upon payment of costs; provided, a counterclaim has not been made or affirmative relief sought by the answer of the defendant." This section also provides: "The dismissal mentioned in the first two subdivisions is made by entry in the clerk's register."

The court has lately decided that the mere filing of a *praecipe* does not constitute a dismissal of the case, but that the statute "contemplates a formal entry of dismissal by the clerk in his register." (*Kinman* v. *Scheuer,* 30 Mont. 73, 75 Pac. 690.) Section 1008 of the Code of Civil Procedure provides that, "upon the dismissal or disposition of an action in which the court has jurisdiction of the subject matter of the action, it is the duty of the court to render such judgment for costs."

A brief resume of the legislative history of Sections 1004 and 1008 seems important, in order to arrive at a correct construction of their terms. Section 1004 appeared in Codified Statutes of 1872 substantially as it is in the Code, with the exception that

at the end of the section were the words "Judgment may thereupon be entered accordingly." (Civil Practice Act, Codified Statutes, 1871-72, Section 184, page 63.) The same appears in the Revised Statutes of 1879 (Code of Civil Procedure, Sec. 234, Revised Statutes, 1879, p. 81). In 1874 the legislature of the territory adopted a section (numbered 18) which was as follows: "Upon the dismissal or other disposition of an action in which the court has jurisdiction of the subject matter of the action, it shall be the duty [of] the court to render such judgment for costs as is according to law." (Laws of 1874, Sec. 18, p. 54.) It will be noticed that this section is almost identical with our present Section 1008, Code of Civil Procedure. This section was not incorporated in the Revised Statutes of 1879 as a part of the chapter on "Judgments," but appeared in a separate chapter, bearing the title "Unrepealed Laws." (Section 819, Rev. St. 1879, p. 191.) In the compilation of 1887 this section was incorporated for the first time in the chapter entitled "Judgments in General," and appears therein as Section 244, Code of Civil Procedure (Compiled Laws 1887), which chapter included our present Section 1004 in the same form as it appeared in the Laws of 1872 and 1879. By the Code of 1895, however, we find the words "judgment may thereupon be entered accordingly" stricken out, so that this provision of section now reads as above quoted.

A slight amendment was also made to Section 244 of the Compiled Laws of 1887, and as amended the provisions were re-enacted in our Section 1008.

The same statute was in force in California from 1859 (Laws 1859, Sec. 148) until amended; and that court uniformly held, prior to such amendment, that it became the duty of the clerk, when the *praecipe* for dismissal was filed, and he had entered the dismissal on the register of actions, to immediately thereafter enter a judgment of dismissal, and that the suit was not dismissed until such judgment had been entered. (*Page* v. *Superior Court,* 76 Cal. 372, 18 Pac. 385; *Page* v. *Page,* 77 Cal. 83, 19 Pac. 183; *Brady* v. *Times-Mirror Co.,* 106 Cal. 56, 39 Pac. 209.)

There can be no doubt but that when the previous sections, displaced by the present Section 1004, were first enacted, the purpose of the language of Subdivision 1, "upon payment of costs," referred exclusively to the costs which were necessary to be paid to the clerk for entering such dismissal and judgment. It will be noticed that Subdivision 1, as originally enacted, did not require the payment of *defendant's* costs, but the "payment of costs." What costs? Surely no costs except those then required by the statute for entering the order and judgment of dismissal. Under our present statute, no costs are allowed to the clerk for the entry of such order, and no judgment of dismissal is required to be entered. Upon the payment to the clerk of the statutory fee upon institution of the suit, nothing further need be paid until the entry of final judgment. Therefore the words "upon payment of costs" have become inoperative. Undoubtedly the failure to eliminate them from Subdivision 1 at the time when the words "judgment may thereupon be entered accordingly" were eliminated was a mere oversight of the legislature.

Under the laws of 1874, 1879 and 1887, it is very apparent that the entry of two judgments was contemplated:   (1) A judgment of dismissal, to be entered by the clerk; and (2) upon such dismissal a judgment for costs to be rendered by the court. These two judgments were separate, several and distinct. One simply dismissed the suit, and the other, after the dismissal became effective, pronounced and fixed a liability against the plaintiff for the defendant's costs in the action, specifying the amount thereof. The legislature undoubtedly recognized this peculiarity, and determined that two judgments were not necessary. So it provided that the dismissal should be complete upon entry in the clerk's register, and that, if the defendant was entitled to costs, he might, after the dismissal, make an application to the court for a judgment for costs, under Section 1008, Code of Civil Procedure. It must be remembered that this section provides, "Upon dismissal   *   *   *   it is the duty of the court to render such judgment for costs." Defendant is therefore not entitled to this judgment until after dismissal.

·After the decision of the cases of *Page* v. *Superior Court,* 76 Cal. 372, 18 Pac. 385, and *Page* v. *Page,* 77 Cal. 83, 19 Pac. 183, the legislature of California amended the section of that Code—which before that time had been identical with ours, as found in the Compiled Laws of 1887 and the Codified Statutes of 1872 and the Revised Statutes of 1879—by eliminating the same words which our legislature eliminated in adopting the Codes.   After this amendment the entire matter came before the supreme court of that state in the case of *Hopkins* v. *Superior Court,* 136 Cal. 552, 69 Pac. 299.   In that case the plaintiff in an action for divorce filed a proper notice of dismissal of her action with the clerk of the court, and directed the clerk to enter an order of dismissal.   This the clerk refused to do, basing his action upon an order of the court directing that all proceedings in relation to the dismissal be stayed unless the plaintiff pay defendant the amount of his costs, and, if plaintiff failed to make such payment, then the attempted dismissal be annulled and set aside.   Plaintiff refused compliance with the order, and objected to further order of the court staying the entry of the order and setting the action for trial, and sued out an alternative writ of prohibition to restrain the court from proceeding further in the matter.

The opinion in this case is so directly in point in the consideration of the question here involved that we quote from it: "The only costs which a plaintiff is required to pay before dismissal of his action are the clerk's costs.   *   *   *   In *Hancock Ditch Co.* v. *Bradford,* 13 Cal. 637, which case arose under provisions of the practice act regarding dismissals, to the effect 'that the plaintiff may at any time before trial, upon the payment of costs,' take a nonsuit, it is said: 'We do not understand that the plaintiff is bound to tender the costs before being entitled to be nonsuited, for the costs cannot be at the moment known or computed. But this proviso was only meant to declare that the effect of the nonsuit is to subject him to costs.'   So here, whatever may be the rights of the defendant to recover his costs upon plaintiff's dismissal of the action, that right arises only

after dismissal, and the prepayment of defendant's costs, under all of the decisions, is not a prerequisite to the exercise of plaintiff's right. The clerk is not charged with the judicial functions of taxing costs and settling a cost bill. He cannot say what costs of the defendant the plaintiff is under obligation to pay. The utmost of a defendant's right, under the circumstances, is to present his cost bill in due time after dismissal, to have it settled, and take judgment for his costs against plaintiff accordingly. It appears, therefore, that plaintiff had done everything that the statute required, and stood entitled, as an absolute right, to have her order of dismissal entered. In this she was prevented by the order of the court directing the clerk to refuse to enter the order until plaintiff had complied with an illegal condition.    *    *    *    Here the plaintiff applied to the court, in furtherance of her right thus clearly pointed out, and the court not only refused her the right, but imposed upon her an illegal condition as the price of her order of dismissal. This the court had no right to do. Its sole power and its sole jurisdiction, under the circumstances indicated, was to have ordered the proper entry of dismissal in the register. Its refusal to do this, and its subsequent order setting the case for trial, were unwarranted and in excess of its jurisdiction. Against this it is urged that in *Page* v. *Superior Court* it was decided that the action was still pending until judgment of dismissal was 'entered accordingly.' At the time of the decision in the *Page Case* the statute declared (Code Civil Proc. 'Sec. 581) an action may be dismissed    *    *    *    in the following cases: 'By the plaintiff himself at any time before trial upon payment of costs.    *    *    *    The dismissal mentioned in the first two subdivisions is made by entry in the clerk's register; judgment may thereupon be entered accordingly.' In the *Page Case,* though the order of dismissal had been given, and the entry in the clerk's register made, the judgment had not been actually entered, and the ruling in *Page* v. *Superior Court* is based wholly upon this omission. Subsequently the legislature, with design, amended this section by eliminating the provision

'that judgment may thereupon be entered accordingly,' so that it now reads, and read at the time this question arose: 'The dismissals mentioned in Subdivisions 1 and 2 hereof are made by entry in the clerk's register.' * * * No judgment is any longer required to be entered. The mere entry of the order upon the clerk's register of actions is sufficient."

We therefore conclude that a plaintiff may, at any time before trial, file a *praecipe* with the clerk for the dismissal of the action, and direct the clerk to enter dismissal on the register of actions, and when such acts have been performed the case is dismissed, and has passed entirely beyond the jurisdiction of the court, except for the purpose of entering a judgment for costs in favor of the defendant under Section 1008, if the defendant so demands.

The proper *praecipe* for dismissal having been filed, and the dismissal having been properly entered by the clerk, the court was without jurisdiction to take any further steps in the action, save to render a judgment for defendant's costs then accrued, if applied for by defendant.

We therefore advise that the judgment appealed from be reversed, and the court below directed, upon the application of defendant, to enter a judgment for defendant's costs which had accrued at the date plaintiff filed his *praecipe* for dismissal.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is reversed. The conclusion there reached, after further examination of Section 1004 of the Code of Civil Procedure in the light of the history, and the construction given a like provision by the Supreme Court of California, renders it necessary to overrule the case of *State ex rel. Cornue v. Lindsay,* 24 Mont. 352, 61 Pac. 883, on the point here involved. This is accordingly done.