[Civ. No. 137.   Third Appellate District.—January 3, 1906.]

D. J. MANNIX, Respondent, v. WILLIAM H. TRYON, Appellant.

APPEAL—CONTINUANCE OF MOTION TO DISMISS.—The consideration of a motion to dismiss an appeal on the alleged ground of the failure of the appellant to serve the notice of appeal on an adverse party will be continued until the hearing of the appeal, when the determination of the motion would involve the examination of a lengthy transcript.

MOTION to dismiss an appeal from a judgment of the Superior Court of Sacramento County.   J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, and R. L. Shinn, for Appellant.

R. Platnauer, for Respondent.

McLAUGHLIN, J.—This is a motion to dismiss an appeal from a judgment foreclosing the lien of a subcontractor.   The appeal is prosecuted by the owner of the premises, and respondent bases the pending motion on the ground that no notice of appeal was served upon the original contractor, who was a party defendant.   Appellant, resisting the motion, contends that such contractor is not an adverse party, because reversal will aid instead of injuring him.   This contention rests on the proposition that as the judgment against the original contractor is for the sum of $187 it must fall if the lien is declared invalid.   (*Miller* v. *Carlisle,* 127 Cal. 327, [59 Pac. 785].)   Of course, this would depend upon the reasons which rendered reversal necessary.   Reversal for mere error would simply add the expenses of a new trial to the burdens of the original contractor, while reversal for reasons which destroyed the lien would probably have the effect claimed by appellant.

The point involves the examination of the transcript, which contains seventy-six pages, and upon the authority of *Hibernia Sav. etc. Soc.* v. *Behnke,* 118 Cal. 498, [50 Pac. 666], the motion is continued until the hearing upon the appeal, with permission to respondent to include the points in support of the motion in his brief, to which appellant may reply.

Chipman, P. J., and Buckles, J., concurred.