Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.

---

HERNÁNDEZ *v.* BLANCO ET AL.

APPEAL from the District Court of Mayagüez.

No. 828.—Decided May 23, 1912.

UNAPPEALABLE ORDERS—DECISION CONCERNING RECONSIDERATION OF ANOTHER ORDER.—A decision of a court overruling a motion for a reconsideration of an order in which a district court orders the registry of a judgment of dismissal of a complaint is not appealable.

MOTION FOR JUDGMENT—NOTICE TO ADVERSE PARTY.—A petition or motion for judgment need not be served upon the adverse party according to the provisions of the last paragraph of section 217 of the Code of Civil Procedure. *Vega et al.* v. *Rodríguez et al.*, 17 P. R. R., 237.

ID.—RECONSIDERATION OF AN ORDER ENTERED WITH INTERVENTION OF ADVERSE PARTY.—The respondent in this case having given notice to the adverse party of his motion for a judgment he should also have given notice of the motion presented later for a reconsideration by the court of its decision on the first motion, but his not having done so is not a fatal error carrying with it a reversal of the judgment. It is not an abuse of discretion on the part of the court not to have required the notice to be given to the adverse party because the registering of the judgment in this case is so clearly according to law that the judge himself could and should have ordered it without motion by either of the parties.

COSTS—APPROVAL OF MEMORANDUM—FINAL JUDGMENT.—The reversal by this court of an order approving a memorandum of costs on the ground that the district court had not rendered final judgment should not be interpreted in the sense of obstructing the due registration of the judgment and the collection of the costs and fees allowed by law.

ID.—APPROVAL OF MEMORANDUM—DISCRETION OF COURT.—The fact that upon presenting a memorandum of costs to a district court the second time for its approval for the reason that its first approval had been revoked on the ground that final judgment had not been rendered when the first approval was made, the lower court approved the same the second time for a larger amount does not constitute an abuse of discretion considering the circumstances of the case.

The facts are stated in the opinion.

*Messrs, Juan Quintero* and *González Quijano* for appellant.

*Mr. José Benet* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Agustín Hernández Mena brought an action in the District Court of Mayagüez against Alejandrina Blanco Ramírez *et al.* to obtain the nullity of a deed of a mortgage of $2,000. The case having been set for August 13, 1910, was continued on motion of the plaintiff and. the costs incurred by said continuance adjudged against him. The defendant filed a memorandum of costs amounting to $37.70, which was objected to by the plaintiff and reduced by the court to $7.70. The plaintiff appealed to this court from said order, subject to the appeal which might be taken later from the final judgment.

Thereafter the plaintiff dismissed his action and, on November 25, 1910, the court ordered the dismissal to his prejudice, with costs. Before entry of judgment the defendant filed his memorandum of costs, amounting to $85. The plaintiff objected to it and the district court approved it, reducing it to $76.15. The plaintiff appealed therefrom and his appeal, together with the first appeal taken, was decided by this court by judgment of May 5, 1911.

The Supreme Court dismissed the appeal relative to the costs incurred by the continuance, and sustained the appeal from the order upon the last memorandum of costs. The court, speaking through Mr. Justice Aldrey, stated as follows:

"With reference to the second appeal, it was taken from the order of the court below fixing the amount of the costs that the plaintiff should pay as a consequence of his dismissal of the action and the right to collect the same and to have them fixed by the court is based upon the final disposition of the case.

"It is true that an order was made upon the motion of the plaintiff dismissing his action, with costs, but said order is not final and does not put an end to the suit until it is entered as a judgment, in accordance with the provisions of section 192 of the Code of Civil Procedure, included in Chapter I, Title IX, dealing with judgments, and affirmed by the case of *Page* v. *Page,* 77 Cal., 83." *Hernández Mena* v. *Blanco Ramírez,* 17 P. R. R., 546.

On October 25, 1911, the defendants moved the district court to render judgment. The plaintiff objected to it and

the court, on December 1, 1911, denied the motion of the defendants. The defendants appeared anew before the court and moved for a rehearing upon the previous order. The court granted the rehearing and held that in accordance with the order of November 25, 1910, by which the action was dismissed at the request of the plaintiff to his prejudice and with costs, a judgment should be entered. The petition for a rehearing was not served upon the plaintiff.

After the entry of the judgment of December 15, 1911, the defendants filed a memorandum for costs amounting to $205. The plaintiff objected to the memorandum, and, on January 4, 1912, the court approved it, reducing it to $105.

The plaintiff further made a motion to the district court for a rehearing upon said order and to set aside the judgment previously rendered and for other proceedings, and the court, after hearing both parties, denied the motion on January 3, 1912.

The plaintiff appealed to this court from the judgment of dismissal entered on December 15, 1911, from the order of January 3, 1912, and from the order of January 4, 1912, approving the memorandum of costs, all these appeals having been prosecuted jointly, and upon a consideration of the same we shall refer exclusively to the first and last because the second does not lie. No appeal can be taken from said order.

Let us examine the appeal taken from the judgment. Appellant contends that the judgment is void, (1) because it was rendered without notice to the plaintiff; and (2) because the court did not have jurisdiction to render the said judgment, as the case had already been finally decided by the Supreme Court on May 5, 1911.

In accordance with the provisions of the last subdivision of section 217 of the Code of Civil Procedure a petition or a motion for a judgment does not need to be served upon the adverse party. *Vega et al.* v. *Rodríguez et al.,* 17 P. R. R., 237. But the appellant admitting this principle as true con-

tends that the defendants herein move for a rehearing upon an order made with notice to the plaintiff and that judgment be entered, and for these reasons the case at bar differs from a mere motion for judgment.

In our judgment, inasmuch as the respondent served notice of his first motion on the other party, he should also have notified him of his second motion, but this is not a fundamental error and does not imply the reversal of the judgment. It would be necessary to show an abuse of discretion in the district court in adopting the procedure followed in the rehearing of its order and in ordering the entry of the judgment, and the circumstances of this case show that such an abuse did not exist and that the entry of the judgment was correct to such an extent that the judge, without a request to that effect from any of the parties, could and should of his own motion order said entry in order to bring to a final disposition the case which was pending before his court.

The judgment by this court of May 5, 1911, only reversed the order approving the memorandum of costs because no final judgment had been entered in the district court, and said judgment of this court cannot be construed to prevent the proper entry of the judgment and the collection of the costs and fees adjudged in accordance with the provisions of law.

Let us now examine the appeal taken from the order approving the memorandum of costs. The items of said memorandum approved are the following: $5 for clerk's fees and $100 for attorney's fees; total, $105.

The truth of said memorandum was objected to in the court below. The only ground for objection made before this court to said memorandum is that there is a contradiction between the memorandum now approved for $105 and the other one previously approved amounting to $76.15 and reversed by our judgment of May 5, 1911. The grounds for the objection made before the district court have not been substantiated and the objection now made before this court lacks force. The order approving the first memorandum was

finally reversed. The judge, in the exercise of his discretion, valued defendants' attorney's fees a little higher, and we fail to see any excess in the use of his power nor any abuse of his discretion. The work of the defendants' attorney in this case has been increased, due to the attitude of the plaintiff refusing to satisfy the costs which, as a matter of fact, were adjudged against him in the first place, and it is just that an increase in the work should bring an increase in the fees.

For these reasons the appeal taken from the order of January 3, 1912, should be dismissed, and the appeals taken from the judgment of December 15, 1911, and from the order of January 4, 1912, should be denied.

*Decided accordingly.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.