HERNÁNDEZ *v.* BLANCO ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 828.—Resuelto en mayo 23, 1912.

ORDENES INAPELABLES—RESOLUCIÓN SOBRE RECONSIDERACIÓN DE OTRA ORDEN.—
   Es inapelable la resolución de una corte desestimando una moción en la que
   se pide la reconsideración de una orden por la cual dispone la corte de distrito
   que se registre una sentencia por desestimiento de una demanda.

MOCIÓN PARA QUE SE DICTE SENTENCIA—NOTIFICACIÓN A LA PARTE CONTRARIA.—
   Una solicitud o moción para que se dicte sentencia, no es necesario que sea
   notificada a la parte contraria, de acuerdo con lo dispuesto en el último

párrafo del artículo 217 del Código de Enjuiciamiento Civil.  (*Vega et al* v. *Rodríguez et al.*, 17 D. P. R., 251.)

ID.—RECONSIDERACIÓN DE UNA ORDEN DICTADA CON INTERVENCIÓN DE LA PARTE CONTRARIA.—Habiendo el apelado en este caso notificado a la parte contraria su moción para que se registrara la sentencia, debió haber notificado también a la otra parte la moción que presentó luego para que la corte reconsiderara la resolución recaída sobre la primera moción, pero el no haberse hecho tal notificación no es un error fundamental ni trae consigo la revocación de la sentencia.  No constituye un abuso de discreción por parte del tribunal sentenciador el no haber exigido la notificación a la parte contraria, pues el registro de la sentencia en este caso es tan procedente en derecho que el propio juez, sin necesidad de gestión alguna de cualquiera de las partes, pudo y debió ordenarlo.

COSTAS—APROBACIÓN DEL MEMORANDUM—SENTENCIA DEFINITIVA.—La revocación por esta Corte Suprema de una orden aprobatoria del *memorandum* de costas por no existir sentencia definitiva de la corte de distrito, no debe interpretarse en el sentido de impedir que la sentencia pueda ser debidamente registrada y cobradas entonces las costas y honorarios concedidos de acuerdo con lo preceptuado en la ley.

ID.—APROBACIÓN DEL MEMORANDUM—DISCRECIÓN DEL TRIBUNAL.—El hecho de que al presentarse por segunda vez un *memorandum* de costas a una corte de distrito para su aprobación, por haber sido revocada la aprobación del presentado en primer término por no existir sentencia definitiva cuando aquél se presentó, y de haber aprobado el tribunal inferior en la segunda vez una cantidad algo mayor por concepto de honorarios, atendidas las circunstancias de este caso, no constituye abuso de discreción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan Quintero* y *González Quijano.*

Abogado de los apelados: *Sr. José Benet.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Agustín Hernández Mena presentó una demanda en la Corte de Distrito de Mayagüez contra Alejandrina Blanco Ramírez *et al.* sobre nulidad de escritura de préstamo hipotecario por dos mil dollars.  Señalado el juicio para el 13 de agosto de 1910, fué suspendido a petición del demandante, con imposición al mismo de las costas originadas por la suspensión.  La parte demandada archivó un memorandum de costas ascendente a $37.70, que fué impugnado por el demandante y reducido por la corte a $7.70.  El demandante estableció recurso de apelación para ante esta Corte Suprema,

a los efectos de lo que procediera en su día contra la sentencia definitiva. Posteriormente el demandante desistió de continuar el pleito y el 25 de noviembre de 1910 la corte lo tuvo por desistido a su perjuicio y con las costas. Sin que se registrara sentencia, la parte demandada presentó su memorandum de costas ascendente a $85. El demandante impugnó el memorandum y la corte de distrito lo aprobó reduciéndolo a $76.15. El demandante apeló y su apelación, conjuntamente con la otra establecida, fué resuelta por esta Corte Suprema por sentencia de 5 de mayo de 1911.

La Corte Suprema desestimó el recurso en cuanto a las costas originadas por la suspensión y lo declaró con lugar en cuanto al último memorandum. La corte, hablando por medio del Juez Asociado Sr. Aldrey, se expresó así:

"En cuanto á la segunda, fué tomada contra la resolución de la corte inferior que fijó la cantidad de costas que el demandante debía pagar como consecuencia de su desistimiento de la acción; y el derecho a cobrarlas y a que se fijen por la corte ha de fundarse en la terminación definitiva del asunto.

"Es cierto que se dictó una orden teniendo al demandante por desistido de su acción con las costas, pero tal orden no es definitiva ni pone término al asunto mientras no se registre una sentencia, por exigirlo así el artículo 192 del Código de Enjuiciamiento Civil, comprendido en el Capítulo I, Título IX, que trata de esas sentencias y confirmado en el caso de *Page* v. *Page,* 77 Cal., 83.'' (*Hernández Mena* v. *Blanco Ramírez,* 17 D. P. R., 574.)

El 25 de octubre de 1911 los demandados solicitaron de la corte de distrito que dictara la sentencia. El demandante se opuso y la corte, en 1 de diciembre de 1911, negó lo pedido por los demandados. Estos acudieron de nuevo a la corte y le suplicaron que reconsiderara su anterior resolución. La corte así lo hizo y decidió que de acuerdo con la orden de 25 de noviembre de 1910 por la cual se tuvo al demandante por desistido a su perjuicio y con las costas, se registrara la correspondiente sentencia. La petición de reconsideración no fué notificada al demandante.

Registrada la sentencia el 15 de diciembre de 1911, los demandados archivaron, su memorandum de costas ascendente a $205. El demandante impugnó el memorandum y la corte en 4 de enero de 1912, lo aprobó, reduciéndolo a $105.

El demandante presentó además una moción a la corte de distrito pidiéndole que reconsiderara su resolución y declarara nula la sentencia dictada, etc., y la corte, luego de oir a ambas partes, desestimó la moción en 3 de enero de 1912.

Contra la sentencia de desistimiento registrada el 15 de diciembre de 1911, contra la orden de 3 de enero de 1912 y contra la aprobación del memorandum de costas de 4 de enero de 1912, el demandante apeló para ante esta Corte Suprema. Todas dichas apelaciones han sido tramitadas conjuntamente, y al considerarlas nos referiremos sólo a la primera y a la última, pues la segunda es manifiestamente improcedente. No cabe el recurso de apelación en cuanto a ella.

Examinemos la apelación contra la sentencia. El apelante alega que la sentencia es nula, 1°. porque se dictó sin notificar al demandante y 2°. porque la corte no tenía jurisdicción para dictarla ya que el caso había sido definitivamente resuelto por este Tribunal Supremo en 5 de mayo de 1911.

Una solicitud o moción para que se dicte sentencia, no es necesario que sea notificada a la parte contraria, de acuerdo con lo dispuesto en el último párrafo del artículo 217 del Código de Enjuiciamiento Civil. (*Vega et al.* v. *Rodríguez et al.*, 17 D. P. R., 251.) Pero el apelante si bien admite que esto es así, sostiene que los demandados pidieron la reconsideración de una orden dictada con la intervención del demandante y como consecuencia de ello que se registrara la sentencia y que por tanto su caso es distinto al de una mera solicitud para que se dicte sentencia.

A nuestro juicio ya que el apelado adoptó el curso de notificar su primera moción, debió haber notificado la segunda, pero el error cometido no es fundamental y no lleva consigo

la revocación de la sentencia. Tendría que demostrarse que la corte de distrito había abusado de su discreción al adoptar el procedimiento seguido para reconsiderar su negativa y ordenar el registro de la sentencia, y las circunstancias de este caso demuestran que no existió tal abuso y que el registro de una sentencia era tan procedente en derecho, que el propio juez sin necesidad de gestión alguna de cualquiera de las partes pudo y debió haberlo ordenado, a fin de que quedara definitivamente terminado aquel asunto en su corte.

La sentencia dictada por esta Corte Suprema en 5 de mayo de 1911, se limitó a revocar la orden aprobatoria del memorandum de costas, porque no existía sentencia definitiva en la corte de distrito, y no puede interpretarse en el sentido de impedir que la sentencia pueda ser debidamente registrada y cobradas entonces las costas y honorarios concedidos, de acuerdo con lo preceptuado en la ley.

Examinemos la apelación relativa al memorandum de costas. Las partidas del memorandum aprobadas fueron: $5 por honorarios del secretario, y $100 por honorarios del letrado. Total, $105.

En la corte inferior se impugnó la veracidad del memorandum. En esta Corte Suprema sólo se impugna el desacuerdo que se observa entre el memorandum ahora aprobado ascendente a $105 y aquel que se aprobó y cuya aprobación fué revocada por nuestra sentencia de 5 de mayo de 1911, ascendente a $76.15. No se ha demostrado el fundamento de la impugnación en la corte de distrito, y carece de fuerza el hecho ante esta Corte Suprema. La orden aprobando el primer memorandum quedó definitivamente revocada. El juez en el ejercicio de su discreción al apreciar el valor de los honorarios del abogado de la parte demandada los ha fijado en una cantidad un poco mayor, y no vemos que al proceder así se haya extralimitado en sus facultades, ni haya abusado de su discreción. Además, debido a la actitud del demandante negándose a satisfacer las costas que desde el primer momento en realidad de verdad le fueron impuestas, ha au-

mentado el trabajo del abogado de los demandados en este pleito y es justo que si el trabajo aumentó aumenten también los honorarios.

Por las razones expresadas, la apelación establecida contra la orden de 3 de enero de 1912 debe desestimarse y declararse sin lugar las interpuestas contra la sentencia de 15 de diciembre de 1911 y la orden de 4 de enero de 1912.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.