[Sac. No. 2553. In Bank.—September 17, 1917.]

SAMUEL EWING, Respondent, v. RICHVALE LAND COMPANY (a Corporation), Appellant; S. A. JONES et al., Defendants.

FORECLOSURE OF MORTGAGE—APPEAL—VOID DEFICIENCY JUDGMENT.— Although a judgment of deficiency docketed by the clerk in a foreclosure suit may be void because there was no adjudication of a personal liability against the defendant, which would authorize the clerk to docket such judgment, it is nevertheless appealable, because a void judgment may be appealed from.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

J. Oscar Goldstein, for Appellant.

Mastick & Partridge, and James A. McGregor, for Respondent.

MELVIN, J.—A judgment of foreclosure was entered on February 25, 1916, and an appeal was taken on April 29, 1916. That appeal has been dismissed on motion of appellant. The judgment was on two promissory notes each for $4,593, and by it a sale of the premises covered by the mortgage was ordered, but there was no express provision for the docketing of any deficiency. The property was sold for five thousand dollars; a return showing this fact was filed; and on April 22, 1916, the clerk docketed a deficiency judgment against appellant in the sum of $6,617.30. On April 24, 1916, Richvale Land Company appealed from this deficiency judgment and respondent has moved to dismiss the appeal upon the ground that such a judgment is not appealable.

Appellant insists that there is no doubt that the deficiency was entered without authority of law; that while the original judgment as given by the court directed the commissioner to conduct the sale of the premises and to apply the proceeds to the payment of the notes, interest, etc., there was no adjudication of a personal liability against appellant which would authorize the clerk under the terms of section 726 of the Code of Civil Procedure to docket a judgment for any balance remaining due; and that in the absence of a judgment of personal liability, such a docketed entry is void. (Citing *Scamman* v. *Bonslett*, 118 Cal. 93, [62 Am. St. Rep. 226, 50 Pac. 272]; *Herd* v. *Tuohy*, 133 Cal. 55, [65 Pac. 139], and other authorities.) But if we concede this much of appellant's position, we are not aided in the solution of the only question presented by this motion, which is this: Is the clerk's entry of a deficiency judgment separately appealable?

At the oral argument it was suggested that relief from the apparent lien created by the void entry should have been sought by appropriate motion in the lower court to set aside and cancel the clerk's entry made without authority, and that if such a motion were denied, an appeal might have been prosecuted from the order of the court, if one were made, refusing to expunge the clerk's unauthorized entry. In other words, the objection to entertaining such an appeal is that by so doing this court would recognize the mere clerical function of a ministerial officer as a judicial act.

The answer to this argument is that the docketed entry of the clerk amounts to a void judgment, and that appellant is entitled to relief from such judgment on appeal, because this

court has repeatedly recognized the right to appeal from a void judgment. In this behalf appellant cites *In re Bullock,* 75 Cal. 419, [17 Pac. 540], *Merced Bank* v. *Rosenthal,* 99 Cal. 39, [31 Pac. 849, 33 Pac. 732], and *Page* v. *Superior Court,* 76 Cal. 372, [18 Pac. 385].

The first of these was an appeal from an order directing an administrator to file his account and settling said account. To the contention that the order was void, and therefore not appealable, the court replied that void orders may be appealable, saying: "Whether an order is appealable is to be determined by what it purports to determine, not by what may be its actual operative effect."

The second was a case in which appellant made the contention that the judgment was void because it was delivered by one whose term as a judge of the superior court had expired. Respondent conceded that an appeal will lie from a void judgment, but insisted that an appeal may only be taken from a court to a court, and as appellant denied the existence of the purported court, he also questioned the right to appeal from its so-called judgment. This court held, however, that although an appeal might not be the only remedy, it would lie.

In *Page* v. *Superior Court, supra,* the matter decided was that an entry of dismissal in the clerk's "register of actions" was not a judgment of dismissal in contemplation of law, and that subsequent orders of the court were made with full authority. In the course of the discussion, after pointing out the finality of a judgment entered in the judgment-book by the clerk where power to enter such judgment is given him, the court said: "On the other hand, if the case be one in which the clerk has no power to make the entries because of a counterclaim or cross-complaint, the clerk's judgment may be set aside by the court, or may be appealed from. A void judgment is appealable, and it may be set aside as cumbering the records."

We think that these authorities, and particularly the one from which we quote the above paragraph, sustain appellant's position. The moving party in this proceeding has filed no brief and our own industry has discovered no authorities conflicting with those cited by appellant. Under section 726 of the Code of Civil Procedure, it is provided that, in proper cases, "judgment must then be docketed by the clerk," after the filing of the commissioner's report "for such balance

against the defendant or defendants personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor.'' While the judgment as docketed by the clerk derives its judicial force, if any, from the original decision of the court, it is nevertheless a separate and distinct judgment from that of foreclosure—is so made by the statute. In a sense, the judgment of foreclosure is interlocutory and the deficiency judgment is final, the clerk's function being to record the court's determination when made definite by the sale of the mortgaged property. If a deficiency judgment is entered without authority, it is nevertheless a judgment in form. In this case the clerk docketed such a judgment. If, under the authorities cited by appellant, his act was not supported by the decision of the court, nevertheless the void judgment would be appealable, just as an appeal might be taken from a judgment of dismissal entered by a clerk without power under the statute because of the existence of a counterclaim or cross-complaint. If his act was in all respects proper and done under full authority of law, the judgment is one from which an appeal will lie. The question regarding its validity will come properly before us when we shall be called upon to decide the appeal on the merits. This court may not in this proceeding make final disposition of the case as appellant wishes.

The motion is denied.

Henshaw, J., Shaw, J., Sloss, J., and Angellotti, C. J., concurred.