[Civ. No. 2602.   Fourth Appellate District.—January 22, 1941.]

VINCENT G. KEYES, Plaintiff and Respondent, v. ELMER O. HURLBERT, as Executor, etc., et al., Defendants and Respondents; LILLIAN DOUGLAS et al., Interveners and Appellants.

Irvine P. Aten and Richard V. Aten for Appellants.

B. M. Benson for Plaintiffs and Respondents.

Dearing & Jertberg for Defendants and Respondents.

GRIFFIN, J.—The appeal in the above entitled action was from a decree ordering specific performance by the executor, Elmer O. Hurlbert, of a contract entered into between decedent, Andrus Hurlbert, and his two partners, Vincent G. Keyes, the plaintiff and respondent, and Elmer O. Hurlbert, the defendant and respondent. By that judgment it was ordered that the defendant executor make, execute and deliver to the plaintiff a bill of sale covering the interest of the de-

ceased Andrus Hurlbert, in and to a partnership known as "General Transfer Company", and also a deed to certain real property. It is now claimed on this motion to dismiss the appeal that the defendant Elmer O. Hurlbert, as executor of the will and estate of Andrus Hurlbert, deceased, since perfecting this appeal, complied with the terms of said judgment by executing the bill of sale and deed; that he did not appeal from the judgment; that appellants, the interveners, appealed from the decree; that the defendant Hurlbert, as executor, should have received more than $30,828.94, for the share of decedent (Andrus Hurlbert) in the partnership; that after appellants' appeal from the decree the defendant Elmer O. Hurlbert, as executor, filed his first account and report and that therein he reported to the superior court the receipt of the said sum above mentioned and the making of a bill of sale and deed to Vincent G. Keyes, as described in the judgment; that an order was made allowing and approving the amount and confirming and approving all of the acts of the executors; that the interveners had participated in the partial distribution that was made out of the funds of the estate, which funds included the sum of $30,828.94. It is therefore argued that appellants cannot accept the fruits of an indivisible judgment or decree and at the same time appeal from the decree, citing *Turner* v. *Markham,* 152 Cal. 246 [92 Pac. 485], *In re Baby,* 87 Cal. 200 [25 Pac. 405, 22 Am. St. Rep. 239], *Estate of Shaver,* 131 Cal. 219 [63 Pac. 340], and *Estate of Cohn,* 36 Cal. App. (2d) 678 [98 Pac. (2d) 521]; that by their acts and omissions shown they are now estopped to attack the judgment appealed from herein and that all questions on this appeal have now become moot and settled and that this appeal should be dismissed.

In answer to plaintiff and respondent's motion to dismiss the appeal for the reasons herein stated, interveners and appellants represent that in view of the fact that they have specifically claimed on this appeal that the judgment is void, there cannot be an estoppel against showing that a judgment is void as against public policy or positive law, citing *Panzer-Hamilton Co.* v. *Bray,* 96 Cal. App. 460 [274 Pac. 769], *Brown* v. *Brown,* 8 Cal. App. (2d) 364 [47 Pac. (2d) 352], *Page* v. *Superior Court,* 76 Cal. 372 [18 Pac. 385], and *Ivory* v. *Superior Court,* 12 Cal. (2d) 455 [85 Pac. (2d) 894].

In opposition to the motion to dismiss it is further shown that contained in the record on appeal there is a motion by appellants and interveners for an order directing the executor of the above-named estate to deposit with the clerk of the superior court a bill of sale and also a deed conveying the title to the property involved to Vincent G. Keyes for his use and benefit and for the use and benefit of Elmer O. Hurlbert, to abide the judgment of the appellate court in the action pending. This motion was made upon the ground and for the reasons that the moving parties were heirs at law and legatees and devisees of said estate and were interveners in the action and were taking an appeal from the decree entered in that action wherein it was ordered that the executor make and deliver the documents above referred to, and they there moved that the delivery of the documents and the property should not be made until the order and judgment therein became final. This motion was based upon all the records on file in that action which is now pending in this court on appeal.

It is further represented that that motion was denied upon the ground that the court had no authority to make such an order, and it is here contended on this motion that the acceptance by appellants of the partial distribution was not intended by them as a compromise or settlement of the action nor was the acceptance in any way conditioned upon an agreement that this appeal would not be prosecuted; that at no time did the executor or any other party state to appellants that the acceptance would amount to a compromise or settlement of the litigation or an agreement that the appeal would not be prosecuted; that besides appellants, four other heirs and legatees of Andrus Hurlbert, deceased, including the executor, participated in the partial distribution; that appellants did not in any way request or move for said partial distribution.

Interveners and appellants insist first, that there can be no estoppel against showing that a judgment is void; second, that appellants are not bound by the executor's acceptance of plaintiff and respondent's money; third, that appellants' right to appeal in this case cannot be affected by acceptance of partial distribution in an entirely separate proceeding; and fourth, that if appellants are estopped to appeal from the decree of specific performance they nevertheless are not estopped to claim a share of the profits alleged to be due

them and earned by the partnership subsequent to the death of Andrus Hurlbert.

It is further claimed that the judgment from which the appeal was perfected entirely ignored an issue pertaining to the profits and that under no circumstances have they waived their right to appeal from the judgment which failed to dispose of that issue, citing *Wold* v. *League of the Cross*, 107 Cal. App. 344 [290 Pac. 460], and *Walnut Irrigation Dist.* v. *Burke*, 158 Cal. 165 [110 Pac. 517]. ■ It has been clearly established in this state that where there is left any material or vital question for determination the court should not dismiss the appeal but should permit it to be heard on the merits. (*Hartke* v. *Abbott*, 106 Cal. App. 388 [289 Pac. 206].)

■ It is a rule of convenience for the expedition of business in the appellate courts of California that they will not grant a motion to dismiss involving an examination of the record in advance of the hearing on the merits, and if the questions presented on such a motion involve the merits of a case and are such as should be determined upon the hearing of the case upon its merits, the court may deny the motion with the privilege of renewal at the hearing, or continue the motion until the hearing on the merits. (*Ewing* v. *Richvale Land Co.*, 176 Cal. 152 [167 Pac. 876], *Estate of Leonis* v. *Lefflingwell*, 6 Cal. Unrep. 219 [55 Pac. 897], and *Mannix* v. *Tryon*, 2 Cal. App. 609 [84 Pac. 278].)

To make a proper determination of the issues here presented on this motion to dismiss, it would be necessary for us to make an examination of the record on the main appeal from the judgment. An unqualified denial of plaintiff and respondent's motion to dismiss may establish the law of the case in respect to the points raised. In view of the issue presented on the motion we are convinced that these questions should be considered together with the questions raised on appeal from the judgment.

The order of submission made in reference to this motion is hereby set aside and said motion is ordered replaced on the calendar for February 11, 1941, to be further heard and considered in connection with the appeal from the judgment.

Barnard, P. J., and Marks, J., concurred.