KINMAN, APPELLANT, *v.* SCHEUER, RESPONDENT.

| 30   73|
| 30  291|

(No. 1,800.)

(Submitted March 1, 1904.   Decided March 7, 1904.

*Action—Dismissal—Entry in Clerk's Register—Judgment of
Dismissal—Appeal—Final Judgment—Special Order After
Judgment.*

1.  Code of Civil Procedure, Section 1722, as amended by Session Laws 1899,
    p. 146, authorizes an appeal from a final judgment or from any special
    order made after final judgment.   Section 1004 authorizes the dismissal
    of an action in certain cases, and declares that such dismissal is made by
    entry in the clerk's register.   *Held,* that an entry noting the filing of an
    agreement to dismiss is not a dismissal from which an appeal can be taken.
2.  Under Code of Civil Procedure, Section 1722, authorizing an appeal from
    any special order made after final judgment, an order overruling a motion
    to set aside a pretended judgment of dismissal, which was in fact not a
    dismissal within Section 1004, authorizing dismissal, is not appealable.
3.  Under Code of Civil Procedure, Section 1722, authorizing appeals from final
    judgments and special orders made after final judgments, an appeal from an
    order denying a motion to adopt a general verdict and special findings and
    to set aside the special verdict in a suit in equity must be dismissed where
    the record shows no judgment of dismissal or other final judgment.

*Appeal from District Court, Silver Bow County; William
Clancy, Judge.*

ACTION by Charles E. Kinman, as guardian of Fred V.
Scheuer, against Isabella Scheuer.   From an alleged judgment
of dismissal and certain special orders, plaintiff appeals.   Appeals
dismissed.

*Messrs. Sanders & Sanders, Mr. J. M. Hinkle,* and *Mr. A.
N. Wallace,* for Appellant.

*Messrs. Stapleton & Stapleton,* and *Mr. W. E. Le Blanc,* for
Respondent.

The entry of dismissal in clerk's register is sufficient under
Section 1004 of the Code of Civil Procedure.   No judgment
of dismissal by the court was, or is, necessary when a written

stipulation of both parties is filed with clerk, and entry thereof is made. (*Snell et al.* v. *Dwight et al.,* 121 Mass. 348; *Merritt* v. *Campbell,* 47 Cal. 546.)

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court:

Suit in equity. Three appeals are presented in this record—one from an alleged judgment of dismissal, one from an order refusing to vacate such judgment, and one from an order overruling plaintiff's motion to adopt the general verdict and special findings and set aside the special verdict of the jury.

The statutes determine in what instances appeals may be taken to this court. Section 1722, Code of Civil Procedure, as amended by Session Laws 1899, p. 146, provides: "(1) From a final judgment entered in an action or special proceeding commenced in a district court or brought into a district court from another court. (2) * * * From any special order made after final judgment. * * *" It thus appears that in cases of this class, an appeal can only be taken from a final judgment, or from special orders made after final judgment.

On appeal from a final judgment the record must contain a copy of the judgment roll (Section 1736, Code of Civil Procedure; *Featherman* v. *Granite County,* 28 Mont. 462, 72 Pac. 972.) The judgment roll must contain the final judgment. (Section 1196, Code of Civil Procedure.)

The record on this appeal does not contain any judgment, but, on the contrary, shows affirmatively that no judgment was ever rendered or entered, and that the case is still pending in the court below. The only showing made by the record as to the dismissal of this case is found in an entry of the clerk in the register of actions, viz.: "November 25, 1901. Agreement between Frederick V. Scheuer and Isabella Scheuer containing agreement to dismiss filed." This filing of itself was not a compliance with the provisions of Section 1004, Code of Civil Procedure, and was not sufficient to dismiss the action. It could

amount to nothing more than the filing of a præcipe for dismissal. It would not have the effect of dismissing the suit. The statute provides: "The dismissal mentioned in the first two subdivisions is made by entry in the clerk's register." This contemplates a formal entry of the dismissal by the clerk in his register, and not the mere filing of the stipulation upon which the dismissal is to be entered. Whether the proper entry by the clerk would have the effect of a judgment of dismissal is not before us, and is not considered or passed upon. There being no judgment of dismissal in the record, we conclude that the appeal from the pretended judgment must be dismissed.

There can be no special order after judgment until a judgment is rendered or entered. There being no judgment in the record, the appeal from the order overruling the motion to set aside the pretended judgment of dismissal must therefore be dismissed.

The appeal from the order overruling plaintiff's motion in regard to the verdict and findings is necessarily an appeal from an order before final judgment, because no other judgment than one of dismissal can be entered in an equity case where there are special findings of a jury, until the action of the court is had upon such findings, as to the basis of a judgment. We have seen that the record contains no judgment of dismissal, and it contains no other final judgment.

The action of the court on motion as to the findings and verdict of a jury can be reviewed, if erroneous, by this court upon appeal from the final judgment. This appeal must therefore also be dismissed.

We recommend that each and all of the appeals in the record be dismissed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the appeals, and each of them, are dismissed.