[Bank of Coffee Springs v. McGilvray & Company.]

# Bank of Coffee Springs *v.* McGilvray & Company.

## *Assumpsit.*

### (Decided April 21, 1910.   52 South. 473.)

1. *Banks and Banking; Action on Bank Check; Fraud.*—Where the action was against a bank on the cashier's check which had been assigned to plaintiff, pleas alleging that plaintiff or one of them, procured the check to be issued by false representation as to the security given, or to be given, to the bank to secure a loan by the bank to the payees of the check, which loan the check represented, and that, as a part of the scheme, to defraud the bank, plaintiffs, or one of them, had the check endorsed and signed to them, stated a good and complete defense.

2. *Same; Replication.*—Where the action was against a bank on the cashier's check, and the pleas were plaintiff's fraud in procuring the issuance of the check, replications not denying the fraud or confessing and avoiding the effect thereof, but simply alleging that after the check had been tansferred to plaintiff, plaintiff had, in consideration thereof, released the payees of the check from their indebtedness to him, and delivered up a note and mortgage securing the indebtedness, and that defendant's cashier procured from the payees of the check a note and mortgage to a partnership of which the cashier was a member, to secure the loan made by the bank as evidenced by the check, and that the bank was therefore estopped from setting up such fraud, or that after discovering it, defendant had ratified the transaction, were insufficient and subject to demurrer.

3. *Same; Estoppel; Taking Security.*—Where a bank claimed that a check of its cashier represented a loan procured from it by plaintiff's fraud, and then transferred to plaintiff, the act of the bank's cashier in taking a mortgage from the payee of the check to secure a loan which the check represented did not estop the bank from setting up plaintiff's fraud as a defense to the action on the check.

4. *Same; Fraudulent Loan; Ratification.*—Where the cashier of the defendant declined to make a loan until proper security was given, and in his absence plaintiff applied to the acting cashier, and by fraudulently representing that the cashier had agreed to make the loan for the bank, obtained a cashier's check to the borrower, which the borrower transferred to the plaintiff, and as soon as the cashier returned, he attempted to repudiate the transaction and then took steps to protect the bank and himself by taking a mortgage from the payee of the check, such transaction did not constitute a ratification by the bank.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by McGilvray & Company against the Bank of
Coffee Springs, upon a cashier's check. Judgment for
plaintiff and defendant appeals. Reversed and re-
manded.

C. D. CARMICHAEL, for appellant. Fraud was prop-
erly set up.—81 Ala. 255; 81 Ala. 351. As to the ques-
tion of the certified check, see 77 Ala. 168. Minor offi-
cers of a bank act under special authority.—5 Cyc. 476.
It was not necessary to protest the check.—87 Ala. 561.
As to a cashier's check, see 121 Ala. 165; 95 Am. St.
Rep. 963.

W. O. MULKEY, for appellee. No brief came to the
Reporter.

MAYFIELD, J.—Appellees sued appellant bank up-
on its own certified check, which was signed by one
Helms as its cashier. The check was payable to J. J.
& M. J. M. Lewis, and assigned and indorsed to plain-
tiffs. To the complaint the bank pleaded the fraud of
the plaintiffs in procuring the check to be issued and
assigned. This defense was attempted to be set up in a
number of special pleas, numbered 9, 10, and 11. The
fraud, in short, was that plaintiffs, or one of them, pro-
cured the check to be issued by false representations as
to the security given or to be given to the bank to secure
the loan made by the bank to the payees of the check,
and, as part of the scheme to defraud the bank, had the
check indorsed and assigned to him. If the matters set
forth in these pleas are true, and on demurrer they must
be so treated, the plaintiff ought not to recover. They
are perfect and complete answers to the complaint, and
demurrer thereto could not properly be sustained.

To pleas 9, 10, and 11, plaintiff replied that, after the
check was transferred and assigned by him, in consider-

ation of which he had released the payees of the check
from their indebtedness to him and delivered up a note
and mortgage which secured said indebtedness, one
Byrd, the cashier of the defendant bank, procured the
Lewises, the payees and transferrors of the check, to ex-
ecute a note and mortgage to a partnership of which he
was a member, to secure the loan made by the bank to
the Lewises, evidenced by this check sued upon, and that
the bank was therefore estopped from setting up such
fraud, or that, after discovering it, defendant had rati-
fied the transaction. The replications were all insuffi-
cient, and subject to the demurrers interposed. None
of them denied the fraud set up in any one of the pleas,
nor did any one of them confess it, and avoid the effect
thereof.

There was no attempt to state facts to show that
plaintiff was a bona fide purchaser of the check. Cer-
tainly Byrd, if he was acting as cashier for the defend-
ant bank, in taking a mortgage from the Lewises to se-
cure the loan, could not thereby estop the bank from
setting up the fraud of plaintiff in procuring the loan
originally and in having the check transferred to him.
It would, indeed, be strange if a party who is thus de-
frauded should be estopped from setting up the fraud
as against the very party who perpetrated it, because
his agent tried to indemnify the principal against loss
on account of the fraud.

Under some conditions the bank might be liable to the
Lewises, though it was not liable to plaintiff, and if the
Lewises were willing to secure the bank, directly or in-
directly, for the loan, it was of no concern to the plain-
tiff, who, if the pleas were true, had attempted to de-
fraud the bank by making false and fraudulent state-
ments to its acting cashier, Helms, in the absence of its
regular cashier, Byrd. If the pleas are true, Byrd knew

the facts, and declined to make the loan until the proper security could be given, and during his absence the plaintiff applied to Helms, and fraudulently and falsely represented to Helms that Byrd had agreed to make the loan for the bank, and Helms, relying on this statement, made the loan, and plaintiff, as a part of his fraudulent scheme, had the check assigned to him or to the firm of which he was a member. As soon as Byrd returned, he attempted to repudiate the transaction, and took steps to secure the bank or himself, or both, against plaintiff's fraud. Surely this cannot be a ratification of the transaction by the bank, or an estoppel against its setting up plaintiff's fraud, in an action by the latter to reap the fruits of his wrongful act.

It follows that the court was in error in overruling the demurrers to these replications, and the judgment must be reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.