STATE ex Rel. STATE BANK OF TOWNSEND, Relator, *v.* DISTRICT COURT et al., Respondents.

(No. 7,137.)

(Submitted April 21, 1933. Decided June 29, 1933.)

[25 Pac. (2d) 396.]

[94 Mont. 551.]

*Mr. T. B. Weir* and *Mr. Harry P. Bennett,* for Relator, submitted a brief; *Mr. Weir* argued the cause orally.

*Messrs. Gunn, Rasch, Hall & Gunn,* for Respondents, submitted a brief; *Mr. Carl Rasch* argued the cause orally.

*Messrs. Toomey & McFarland, Mr. Fred W. Schmitz* and *Mr. E. H. Goodman,* for C. N. Burgess on petition for right to intervene in cause No. 7119, being the application for writ of supervisory control, *Mr. E. G. Toomey* presenting oral argument in support of petition.

HONORABLE CHARLES B. ELWELL, District Judge, sitting in place of MR. JUSTICE MATTHEWS, disqualified, delivered the opinion of the court.

This matter comes before this court on an application for a writ of supervisory control.

On December 24, 1932, the Union Bank & Trust Company, a corporation, filed a complaint in the district court of the first judicial district against the State Bank of Townsend, a corporation, Frank T. Hooks and W. D. Lasby, upon a cashier's check for $7,597.60, issued by the latter bank to Frank T. Hooks, indorsed over by him to W. D. Lasby, and indorsed, sold and delivered by Lasby to the Union Bank & Trust Company on the same day. The funds evidenced by the check are those involved in the receivership in the case of *Burgess* v. *Lasby,* Case No. 7041, ante, p. 534.

On or about January 9, 1933, the defendant State Bank of Townsend made application to the district court of the first judicial district, in which the above case was pending, for an order requiring Charles N. Burgess, Union Bank & Trust Company, Frank T. Hooks and W. D. Lasby, as conflicting claimants, to interplead, the application being supported by the affidavit of P. H. Murphy, cashier of the State Bank of Townsend. The affidavit of Murphy states that on or about

the twenty-fifth day of August, 1932, the defendant Hooks presented to the defendant State Bank of Townsend, for payment, a check of Charles D. Ballard, county treasurer of Broadwater county, drawn on the defendant bank to the order of the defendant Hooks for $7,597.60, at which time the county treasurer had on deposit with the defendant bank, subject to his check, money in excess of the amount of the check; that the defendant Hooks asked for and accepted in payment of the treasurer's check the cashier's check of the defendant bank in the sum of $7,597.60, and that after the delivery of the cashier's check to the defendant Hooks, Charles N. Burgess on August 25, 1932, made claim upon the defendant bank for the proceeds of the county treasurer's check and demanded the same; that on August 26, 1932, the Union Trust & Bank Company, as holder of the cashier's check, presented the same to the defendant bank for payment, at which time the check bore the indorsement of the defendants Hooks and Lasby, and that by its complaint in said action the plaintiff bank demanded and claimed the funds represented by the cashier's check. The petitioner further states that the claims and demands on the defendant State Bank of Townsend are conflicting and are made in disregard of each other and are made without collusion on the part of the State Bank of Townsend, and that that bank is ready and willing and desirous of turning over said money to whomsoever may be entitled thereto, but cannot with safety to itself turn the same over on account of the conflicting claims, until such claims shall have been litigated and determined as between the several claimants.

To this petition separate demurrers were filed by the Union Bank & Trust Company and the defendants Hooks and Lasby, and on January 25, 1933, the matter was presented to the district court of the first judicial district, Judge Horsky presiding, upon the demurrers to the petition for interpleader. In the progress of the argument on the demurrers to the petition for interpleader, the defendant State Bank of Townsend tendered to the clerk of court for filing the affidavit of C. N. Burgess and requested that the court allow the affidavit

offered as a supplement or amendment to its original affidavit filed in support of its petition for an order of interpleader, to which the plaintiff Union Bank & Trust Company and the defendants Hooks and Lasby objected, and the objection was by the court taken under advisement.

On February 24, 1933, the following order was made by Judge Horsky: "In this action the demurrers of the Union Bank & Trust Company, W. D. Lasby and Frank T. Hooks to the petition of the State Bank of Townsend for an order of substitution or interpleader in the above-entitled cause, having been heretofore submitted and taken under advisement, and the court having fully considered the same, it is ordered that the said demurrers be, and each thereof is, hereby sustained. It is further ordered that the objection interposed to the application of the State Bank of Townsend for leave to file the affidavit of C. N. Burgess as a supplement or amendment of its original affidavit is hereby overruled."

The affidavit of C. N. Burgess, and the accompanying papers, annexed to the affidavit, which were tendered to the court on January 25, 1933, and the objection to the filing of which was overruled by the court in its order of February 24, 1933, sets out in detail all the circumstances surrounding the securing of the check from the county treasurer, including the order of Judge Goddard, in the case of *Burgess* v. *Lasby,* directing that the money be turned over to Lasby, the efforts of Burgess and his attorneys to stop the payment of the money and to secure a stay order; that the money was the balance of a fund accumulated by the receiver in the case of *Burgess* v. *Lasby;* the efforts of Judge Goddard to stay the payment over of the money and to stay the execution of his order so far as it concerned the payment of the money to the defendant; that such matters were called to the attention of Lasby and his attorney; that notwithstanding all this an order was secured from the clerk of court and a check secured from the county treasurer; that shortly after the issuance of the cashier's check by the State Bank of Townsend, and before it was cashed, the facts and circumstances surrounding the procur-

ing of the check were called to the attention of the State Bank
of Townsend by Burgess and his attorneys, who laid claim to
the funds, and that the State Bank of Townsend authorized
and instructed Mr. Toomey, who was attorney for Mr. Bur-
gess, to telephone stop payment orders on the cashier's check
to the First National Bank & Trust Company and the Union
Bank & Trust Company, at Helena, Montana; that immediately
and before the check was cashed, the stop payment order on
the cashier's check was communicated to the First National
Bank & Trust Company at Helena, through its cashier, L. S.
Hazard, and to the Union Bank & Trust Company at Helena,
Montana, through A. T. Hibbard, vice-president and cashier
of such bank, and that Hibbard informed Toomey that pay-
ment would be stopped by the Union Bank & Trust Company
on the cashier's check. Further it is detailed that two de-
mands for payment of the cashier's check were made upon
the First National Bank & Trust Company at Helena for pay-
ment of the cashier's check, both of which were refused with
the statement that the item could not be handled except for
collection; later that a demand was made at the Union Bank
& Trust Company, and that Frank Bogart, vice-president of
the latter bank, who had not been advised by Mr. Hibbard of
the stop payment order, cashed the same.

The petition for a writ of supervisory control further al-
leges that the order of February 24, 1933, is arbitrary and
unlawful in that the State Bank of Townsend makes no claim
to the money, proceeds of the cashier's check, and is ready,
able and willing to deposit the same with the clerk of the
district court, and that the district court arbitrarily refused to
require the claimants to interplead and refused to discharge
relator from the several claims upon paying into the district
court the money, proceeds of the cashier's check, in violation
of the rights of the relator to have the claimants interplead in
the action and the relator discharged.

Just prior to the date set for argument in the supreme
court, Charles N. Burgess filed in this court a petition
which appears to be a combination of a petition to appear

as *amicus curiae* and a petition to intervene in the proceedings in the supreme court.

We cannot see that the petitioner, Charles N. Burgess, has any standing in this court in connection with the petition for writ of supervisory control. He is not a party to the petition for an order of interpleader in the lower court, nor a party to the original action in that court, and if, as a stranger to the case, he desired to become an actor therein, he could do so by a petition in the district court under section 9088 of the Revised Codes of 1921.

In the oral argument some slight attention was paid to the right of this court to grant a writ of supervisory control in a case of this kind. In the case of *In re Weston,* 28 Mont. 207, 72 Pac. 512, this court said: "We think one of the functions of the writ of supervisory control is to enable this court to control the course of litigation in the inferior courts where the courts are proceeding within their jurisdiction, but by a mistake of law, or wilful disregard of it, are doing a gross injustice and there is no appeal or the remedy by appeal is inadequate." And the writ of supervisory control may control where discretion is lodged in the inferior court. (*State ex rel. Anaconda C. M. Co.* v. *District Court,* 25 Mont. 504, 65 Pac. 1020.)

There is no contention that an appeal will lie in this case. Of course, the ruling might be reviewed on an appeal from final judgment, but this remedy would be inadequate if the State Bank of Townsend is in fact entitled to an order of interpleader.

The right to have the several claimants of one fund interpleaded is a substantial one and should not be denied if a proper case therefor is presented, and if a substantial right has been denied and there is no appeal or the remedy by appeal is inadequate, then the writ of supervisory control will issue.

The relator, Union Bank & Trust Company, attempts to draw a distinction between the funds, first as represented by the check of the county treasurer, then as represented by the cashier's check issued by the Townsend bank, and the cashier's

558

check itself, as an evidence of the bank's liability to pay out those funds. We cannot see in this case any need for entering into such a discussion.

We believe that the demurrers as filed to the original ■ petition in interpleader were good, in that the original petition and the affidavit in support thereof stated only that C. N. Burgess laid claim to the funds in question. There must be something further than this, as the mere assertion of a claim by another, without alleging something of the nature of the claim to show that there is some basis for it, even though the claimant may not ultimately succeed in establishing his right to the funds, is but a conclusion. Furthermore, if the nature of the claim and character thereof are not established, it may be possible that the party requesting the interpleader has incurred an independent liability to the claimant, and is not in the position of a mere stakeholder. (15 R. C. L., Interpleader, par. 12, p. 230, and par. 18, p. 237; 33 C. J., Interpleader, p. 454; *Varrian* v. *Berrien*, 42 N. J. Eq. 1, 10 Atl. 875.)

However, the lower court had the right to allow an amend- ■ ment to this pleading, that is, the petition for an order of interpleader, under the broad powers contained in sections 9186 and 9187 of the Revised Codes of 1921. This the lower court saw fit to grant and overruled the objection of the respondents to the filing of the affidavit of C. N. Burgess as an amendment or supplement to the original petition for interpleader. The affidavit of C. N. Burgess and papers annexed thereto were then before the court in the consideration of these demurrers, and as such must have been considered in passing upon the demurrers of respondents. It is true that on the filing of such amendments, the respondents would have been at liberty to withdraw their demurrers and challenge the petition by answer, but they are in this court attempting to sustain their demurrers to the petition for interpleader and the court's ruling thereon, as of the time of the making of such order by the district court, and at that time the amendments had been allowed.

The main question raised, and the main issue involved, is ▮ whether the State Bank of Townsend, if all its statements in the petition as amended are true, is in the position of a stakeholder, and this involves the question as to whether the State Bank of Townsend has incurred an independent liability to any of the parties asked to be interpleaded, and more specifically whether or not a stop payment order may be made on a cashier's check when once issued and delivered.

In passing upon the sufficiency of a petition for an order of interpleader, where the court is asked to allow the petitioner to pay the money into court and be discharged from further liability, it is most important to determine the position of the petitioner as a stakeholder before the petition is granted. The right granted under the statutes dealing with interpleader is not to protect from or against a double liability, but assumes to give protection only against double vexation in regard to one liability.

We have been cited to many cases dealing with the liability of banks on cashier's checks, and on certified checks. The general broad statement is made that cashiers' checks and certified checks are not subject to stop payment orders. It is further stated that the liability of a bank on a cashier's check is the same as on a certified check, and that the same power to stop payment does not exist as in the case of ordinary checks. All of these statements, as general statements of the law, are correct, and the application of such principles in the cases cited is undoubtedly correct. But we cannot subscribe to the principle that once a cashier's check is issued, or a check certified, the bank issuing or certifying must pay that check to whomever may present the same without exception. In the hands of a bona fide holder the bank has but one duty, and that is to pay, and the cases are unanimous on this point, even those which hold that a bank may refuse payment under certain circumstances. If the question of notice to the Union Bank & Trust Company did not enter into this case, then its right to the payment of this cashier's

check would be absolute, regardless of any claim made by Burgess or anyone else.

In *McGinn* v. *Interstate National Bank*, 178 Mo. App. 347, 166 S. W. 345, the court said: "It cannot be said that the issuance of the cashier's check was the creation of such an independent liability to one of the claimants as will defeat the right of interpleader. The bank did not agree to pay the check in all events, but only on the implied understanding that it would do so to the one legally entitled thereto."

*Bathgate* v. *Exchange Bank of Chula*, 199 Mo. App. 583, 205 S. W. 875: "The bank in certifying the check at the request of the drawer did not agree that it would pay the check at all events, but only that the amount thereof would be forthcoming if and when presented by one lawfully entitled thereto."

*National Bank of California* v. *Miner*, 167 Cal. 532, 140 Pac. 27, a case dealing with a cashier's check: "Respondent asserts in effect, that by virtue of the execution and delivery of this check, the liability of the appellant bank became absolute; that by this act it foreclosed itself from any right to repudiate its obligation; and that following the issuance of the check, respondent bank changed its condition and parted with value upon the faith of 'the assurance of the check of appellant's bank. To the *first proposition* little need be said. Extracts are taken from cases which, within their facts, are perfectly sound to the effect that, generally speaking, the certification of a check or a cashier's check, imports absolute verity. But these cases are one and all in connection with facts where the certificate or check has been issued without mistake, and certain underlying equities are sought to be advanced in opposition to its payment, or they are cases, where by virtue of a change in the condition of the holder of the check it would be inequitable to allow the bank either to repudiate it or to advance defenses against it. Generally speaking, one and all rest upon the application of the familiar maxim of equity that, where one of two innocent persons must suffer by the act of a third, he by whose negligence it hap-

pened must be the sufferer." (See, also, *Bank of Coffee Springs* v. *W. A. McGilvray Co.,* 167 Ala. 408, 52 So. 473; *City of Brunswick* v. *People's Savings Bank,* 194 Mo. App. 360, 190 S. W. 60; *Sutter* v. *Security Trust Co.,* 96 N. J. Eq. 644, 126 Atl. 435, 35 A. L. R. 938.)

The Townsend bank could have stopped payment or refused payment had Hooks presented the check to them direct for payment after claim made upon these funds, and if that is true, then it could stop payment as against anyone taking it from him with notice.

We believe that the petition for an order of interpleader as amended, if taken as true, presents facts sufficient to entitle the State Bank of Townsend to an order of interpleader as ▇ prayed for. However, the petition for an order of interpleader is independent of the main action. There are two separate actions: one brought by the Union Bank & Trust Company and a second brought by the State Bank of Townsend upon its petition in interpleader. The respondents upon the overruling of their demurrers are entitled to contest by answer the petition, and may contest the truth of the various allegations of the petition, and have decided upon its merits the right of the State Bank of Townsend to its order for interpleader.

The district court is directed to overrule the demurrers of respondents, Union Bank & Trust Company, Frank T. Hooks and W. D. Lasby, and grant them appropriate time within which to answer the petition for an order of interpleader.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and STEWART concur.