UNION BANK & TRUST CO., Plaintiff, *v*. STATE BANK OF TOWNSEND, Appellant; HOOKS et al., Respondents; BURGESS et al., Interveners and Respondents.

(No. 7,575.)

(Submitted September 28, 1936.   Decided November 6, 1936.)

[62 Pac. (2d) 677.]

*Messrs. Weir, Clift, Glover & Bennett,* for Appellant, submitted a brief; *Mr. T. B. Weir* argued the cause orally.

*Mr. Fred W. Schmitz* and *Messrs. Toomey, McFarland & Chapman,* for Respondents Charles N. Burgess and Chris Bliler, submitted a brief; *Mr. John W. Chapman* argued the cause orally.

*Mr. C. A. Spaulding,* for Respondent Frank T. Hooks, submitted a brief and argued the cause orally.

HONORABLE CHARLES B. ELWELL, District Judge, sitting in place of MR. JUSTICE MATTHEWS, disqualified, delivered the opinion of the court.

This is an appeal from the district court of Lewis and Clark county. The order appealed from is dated September 5, 1935, and in effect denies a motion of the appellant State Bank of Townsend to vacate and set aside the order of the trial court, dated April 13, 1935, dismissing the original action as to the State Bank of Townsend, a corporation, and to reinstate the action as to this defendant. The motion, which appears to have been denied *in toto* under the wording of the order of the district court dated September 5, 1935, also requested a further order interpleading the plaintiff, Union Bank & Trust Company, a corporation, Charles N. Burgess, and the defendant Frank T. Hooks, and the defendant W. D. Lasby, and discharging the defendant and appellant, State Bank of Townsend, from all liability upon the check and fund involved in the action, upon deposit by the State Bank of Townsend with the clerk of the court, of the amount of the check, to-wit, $7,597.60, less its costs of suit herein, for the use and benefit of whomsoever, among the parties interpleaded, may be determined to be entitled thereto.

The case now before this court is the same case as described in *State ex rel. State Bank of Townsend* v. *District Court,* 94 Mont. 551, 25 Pac. (2d) 396, which in turn grew out of the facts involved in the case of *Burgess* v. *Lasby,* 94 Mont. 534, 24 Pac. (2d) 147.

Briefly, in a foreclosure action pending in Broadwater county, in which Charles N. Burgess was plaintiff and W. D. Lasby and others were defendants, one Chris Bliler was appointed receiver. After his qualification as such he accumulated an amount in excess of $8,000 as rents, issues and profits of the real estate involved, and in course of time this money

was deposited with the clerk of court of Broadwater county, who in turn deposited it with the county treasurer, and the county treasurer in turn placed it in the State Bank of Townsend. On August 24, 1932, Judge O. F. Goddard, acting as judge in Broadwater county, made an order vacating and setting aside the order appointing the receiver, and then directed the money, after the payment of $800 to Bliler, as receiver, to be turned over to the attorneys for Lasby, defendant in the action. This order was filed on August 25, 1932, and on the same date notice of appeal was filed. A telegraphic stay order was sought by the attorneys for Burgess, but before the arrival of the stay order or the filing of any stay bond, Frank T. Hooks, who at least knew of the purported application for a stay order, secured an order from the clerk of the court for the sum of $7,597.60, took it to the county treasurer, and received his check on the State Bank of Townsend for that amount, and this in turn was taken by Hooks to the State Bank of Townsend. There not being sufficient cash on hand, a cashier's check for the amount was taken, payable to Hooks. Hooks left with the check for Helena, and E. G. Toomey, attorney for Burgess, ascertained the facts, made representations as to what had happened, to the cashier of the State Bank of Townsend, and allegedly received his authority to stop payment on the cashier's check in the name of that bank. Toomey notified two banks in Helena, including the Union Bank & Trust Company, of this stop payment order. The individual officer of the Union Bank & Trust Company to whom the notice was given being absent from the bank at a later hour, the cashier's check was indorsed by Hooks, presented for payment, indorsed by W. D. Lasby, and payment thereof approved by another officer who had not been notified of the stop order, and payment made to Lasby. On August 27, 1932, Burgess filed in this court a motion to impound these funds pending appeal. After hearing this motion this court issued its writ of injunction as set forth in the decision in the case of *Burgess v. Lasby*, 93 Mont. 610, 23 Pac. (2d) 1100, which was served on the Union Bank & Trust Company, the State Bank of Town-

send, W. D. Lasby, Marie Lasby, Frank T. Hooks, C. A. Spaulding and J. R. Wine. In the meantime the Union Bank & Trust Company had presented the cashier's check to the State Bank of Townsend for payment, and payment had been refused. Thereafter the Union Bank & Trust Company started this action against the State Bank of Townsend, Frank T. Hooks, and W. D. Lasby. The State Bank of Townsend came in and filed a "petition for interpleader," setting out that they had the sum of $7,597.60, that Charles N. Burgess laid claim to the fund, and requesting that it be permitted to deposit the fund in court, that it be declared a stakeholder, that the claimants be required to interplead and determine their rights to the fund, and that it be discharged from liability on paying the fund into court. A demurrer was interposed to this petition, and sustained, and the matter came before this court on that ruling with the results outlined in *State ex rel. State Bank of Townsend* v. *District Court*, 94 Mont. 551, 25 Pac. (2d) 396. At the same time this court reversed the decision of the district court in the foreclosure action, which decision had vacated and set aside the order appointing Chris Bliler as receiver. The foreclosure action has since been completed and the rights to the rents, issues and profits of the receivership determined as being in the plaintiff therein, Charles N. Burgess.

After the decision in *State ex rel. State Bank of Townsend* v. *District Court,* supra, Frank T. Hooks filed his answer to the petition for interpleader of the State Bank of Townsend, on April 2, 1934, and the Union Bank & Trust Company filed its answer to the petition for interpleader of the State Bank of Townsend on the same date.

On December 13, 1934, the district court of Lewis and Clark county made an order permitting Charles N. Burgess and Chris Bliler, as receiver, to intervene and become parties to the action, and also permitted David R. Smith, trustee in bankruptcy of the bankrupt estate of W. D. Lasby, one of the defendants, to be made an additional party to this action, and on the same date the complaint in intervention of Charles N.

Burgess and Chris Bliler, as receiver, was filed. The State Bank of Townsend answered the complaint in intervention, and offered to pay the money into court. This answer was filed January 2, 1935. Hooks demurred to the complaint in intervention on February 2, 1935, which demurrer was on April 3, 1935, sustained, and is the subject of an appeal in case No. 7534, heard in this court on the same day as this appeal. (See ante, p. 245.) W. D. Lasby filed a demurrer to the complaint in intervention on April 8, 1935.

On April 13, 1935, the original plaintiff, Union Bank & Trust Company, secured a court order, on motion of its counsel, dismissing the complaint as to the State Bank of Townsend. The Union Bank & Trust Company, on May 9, 1935, was in default for failure to plead to the complaint in intervention of Charles N. Burgess and Chris Bliler, as receiver, and default was entered by the clerk on motion of the attorney for the interveners.

On May 9, 1935, the State Bank of Townsend moved the court for an order setting aside its order of April 13, 1935, dismissing the action as against the State Bank of Townsend, and reinstating the action as to the defendant State Bank of Townsend, and for an order interpleading the plaintiff Union Bank & Trust Company, Charles N. Burgess, and the defendants Frank T. Hooks, and W. D. Lasby, as to the check and funds referred to, which motion was denied by the court on September 4, 1935, and from this order the appeal is taken.

This motion was resisted by the interveners Charles N. Burgess and Chris Bliler, as receiver, and the defendant Hooks, and they are separately and collectively resisting this appeal. Lasby also resisted the motion, but has not appeared in the appeal. The Union Bank & Trust Company has made no appearance in this appeal and apparently made no appearance on the hearing on the motion in the district court.

It is easy to see that the situation now confronting us is extremely novel, and in many respects the positions now taken by some of the parties and the arguments advanced by them

are equally novel. The interveners in this case argue that the suit being on the cashier's check, it did not involve any specific personal property, that there is no showing that any special fund was held by the defendant bank, and that the action was not one to recover any specific money, the cashier's check being drawn on the general credit of the issuing bank. Yet we are confronted with the fact that they did make demand upon the Townsend State Bank to stop payment on the cashier's check for the specific reason that it represented a fund in which they were interested, and that, if they had not made such request, the Townsend Bank would not have become involved in a lawsuit with Union Bank & Trust Company. They argue that the intervener Burgess was never a party to the cashier's check and never made any demand thereon, attempting to differentiate between the cashier's check and the county treasurer's check under which they now say they claim, yet in their petition to intervene and their complaint in intervention they quite definitely attempt to connect up the cashier's check itself with the fund in the Townsend Bank, to which they do lay claim and without which there would have been no treasurer's check issued.

It is quite patent to anyone that, aside from the possible question of the liability of the Townsend Bank for interest and costs, under certain circumstances, there should be no double liability on the part of the Townsend Bank. If the Union Bank & Trust Company is entitled to recover from the Townsend Bank, then the interveners cannot recover from them, for there was no alleged wrongdoing or neglect on their part in issuing the cashier's check. And there could be no neglect or wrongdoing on their part in the matter of stopping or attempting to stop payment on the cashier's check so far as interveners are concerned, as this phase of the situation was admittedly handled entirely by the attorney for the interveners. If the Union Bank & Trust Company is not entitled to collect, then just as clearly, as the matter now stands, the funds represented by the cashier's check belong to the in-

terveners. And as we see it, the question which involved Hooks and Lasby is, on the one hand, their liability to the Union Bank & Trust Company, as indorsers on the cashier's check, if the Union Bank & Trust Company cannot collect the cashier's check from the maker, and, on the other hand, if the Union Bank & Trust Company can collect on the cashier's check from the Townsend Bank, the question then is their liability, if any, individually or jointly, to the interveners for restitution of the whole or any part of the fund represented by the cashier's check.

All parties seem to be agreed that the dismissal of the █ original complaint by the Union Bank & Trust Company was had under subdivision 1 of section 9317, Revised Codes. The other subdivisions are not applicable. The last sentence of the section provides that the dismissal under the first two subdivisions is made by entry in the clerk's register. The dismissal is effected without any action of the judge of the court. The filing of a praecipe for dismissal by the plaintiff and the formal entry of the dismissal by the clerk in his register completes the dismissal. (*Kinman* v. *Scheuer*, 30 Mont. 73, 75 Pac. 690; *Miller* v. *Northern Pacific Ry. Co.*, 30 Mont. 289, 76 Pac. 691.)

In the case now before us an order of the judge of the court was obtained for such dismissal. We do not wish to be understood that such an order entered by the judge of the court in the minutes of the court on motion of plaintiff, and noted on the clerk's register, would not effect a dismissal of a case under subdivision 1 of section 9317, Revised Codes, if a case was in fact subject to dismissal under that section. Such a conclusion might be reached from a reading of the case of *State ex rel. Montana Central Ry. Co.* v. *District Court*, 32 Mont. 37, 79 Pac. 546, but we do not think it would be warranted. We will have to presume that the order was entered on the clerk's register, as it is not objected to on that ground. But it would appear that the plaintiff felt some doubt as to its right to dismiss under that section, and thought it would

be best to submit the matter to the discretion of the judge of the court in this instance.

It has been argued that the Union Bank & Trust Company had withdrawn from the case, and had thereby released the indorsers Hooks and Lasby, and that it would be unfair to them to reinstate their liability as indorsers, and unfair to the interveners Burgess and Bliler, to compel them to meet the claims of the Union Bank & Trust Company, which had once been abandoned. It was even asserted on the oral argument that the Union Bank & Trust Company had decided to take their loss and forget the matter. This was not stated or argued by anyone having power or authority to bind the Union Bank & Trust Company. But it is elementary that a dismissal under the subdivision and section mentioned is without prejudice to the bringing of another action on the same facts. The section following (9318) provides that in every case, other than those mentioned in the last section, the judgment must be on the merits. If the plaintiff Union Bank & Trust Company had wished to produce the result argued for by the respondents, it could very easily have produced it by seeking a voluntary dismissal with prejudice.

The attorney for the respondent Hooks charges in his brief that the decision of this court in the case of *State ex rel. State Bank of Townsend* v. *District Court,* 94 Mont. 551, 25 Pac. (2d) 396, has caused much of the confusion surrounding the case, for the reason that in the course of that opinion the terms "substitution" and "interpleader" were used as if they were synonymous and convertible terms, and that the treatment of the situation by the court in that case seems to be in conflict with its former decisions of the questions. It is just as possible that counsel's confusion may have been caused by a loose reading of these decisions. The very case he cites refutes his statement, and he has very obligingly quoted from it in his brief, and we will take his own quotation. The case is *Anderson* v. *Red Metal Min. Co.,* 36 Mont. 312, 93 Pac. 44, 47. The citation is as follows: "Clearly the section [section

9087], *taken as a whole, is intended to cover the subject of interpleader, both at law and in equity;* one purpose being, as declared by the statute of William, supra, to enable courts of law to grant relief in a summary way in many cases in which theretofore they could grant none." In other words, we have two kinds of interpleader provided for in this section. In the one, the old equitable action of interpleader, the original action is brought by the person against whom conflicting claims are made to compel the claimants to interplead. In the other instance covered by this section, the original action is brought by one of the claimants against the stakeholder and he comes into court with a petition asking that he be permitted to deposit the stake in court, that the other adverse claimant or claimants be substituted in his place and stead as parties to the action, and that the parties then interplead and determine their rights. In this last instance, if the stakeholder's petition is granted, we do have substitution of the parties, but immediately following the substitution, and as a consequence thereof, we have interpleader.

In the case before us the district court has gone further than simply refusing to reinstate the original action of the Union Bank & Trust Company. The district court has in effect said that it will not grant the petition of the State Bank of Townsend asking for an order substituting adverse claimants, and that it be permitted to deposit the money in question and withdraw, and that the claimants be interpleaded and their rights to the money determined. If the complaint of the Union Bank & Trust Company were still pending, the district court could not make such refusal without a hearing, as there are issues of fact raised by the petition for interpleader and the answers thereto, one of these answers by the Union Bank & Trust Company, and the district court was specifically directed to determine these issues by the decision of this court in *State ex rel. State Bank of Townsend* v. *District Court,* 94 Mont. 551, 25 Pac. (2d) 396. The only possible theory on which such a refusal might be based is that the

original complaint having been dismissed, there is no longer a case in which a substitution of parties and an interpleader of the parties as substituted may be requested. If this be true and this court makes such a pronouncement, we can see the possibility, and even the probability, of another lawsuit on this same subject, which subject has already furnished twelve years of litigation. We do not think our laws were intended for the accomplishment of such delays and vexations, nor that the courts should lend themselves to the furtherance of procrastination. The law is neither a lottery nor a game of patience.

The district court has sufficient control over its proceedings to so regulate them that the rights of parties may be settled once and for all and as expeditiously as possible. And in its supervisory capacity, this court has the right to direct the district court to so proceed as to accomplish that purpose. In *Zunchich* v. *Security Building & Loan Assn.*, 85 Mont. 341, 278 Pac. 1011, this court declared that the purpose of section 9087, Revised Codes, was to expedite litigation and afford protection to both persons and property involved in litigation.

This court has held in *State ex rel. Delmoe* v. *District Court*, 100 Mont. 131, 46 Pac. (2d) 39, and in *McKenzie* v. *Evans*, 96 Mont. 1, 29 Pac. (2d) 657, that under section 9090, Revised Codes, the court may on its own motion order a party brought in whose presence is necessary to a complete determination of an action before it, and we consider this power so granted and the general power of the court to control its proceedings, sufficient to warrant a court in refusing to allow the withdrawal from an action of a party whose presence is necessary for a full determination of the action in question, unless such withdrawal is made in such a way as to be a definite and irrevocable determination of the rights of that party.

It is not necessary to a settlement of this controversy to determine the right of the plaintiff to dismiss as to the State Bank of Townsend. After the dismissal or attempted dismissal as to the State Bank of Townsend, the situation being

as heretofore outlined, the district court, in the exercise of its power to regulate its proceedings and to expedite litigation and prevent a possible multiplicity of actions, could have and should have considered the petition for interpleader heretofore filed in this action by the State Bank of Townsend the same as an original complaint in interpleader filed under the provisions of the second portion of section 9087, Revised Codes, which deals with original actions brought by stakeholders, and proceeded thereunder accordingly. In short, the court should see that the rights of the parties are fully determined once and for all time in this action.

If, as argued by the respondent Hooks and the intervening respondents, the Union Bank & Trust Company has determined to take its loss and make no further claim under its cashier's check, its position can be made clear to the court by someone really authorized to do so, and a speedy determination can be had.

That portion of the order of the district court refusing to proceed with the petition for interpleader filed by the State Bank of Townsend is hereby reversed, and the cause remanded to the district court of Lewis and Clark county, with directions to proceed in accordance with this opinion.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS and HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. CHIEF JUSTICE SANDS, absent on account of illness, concur.