No. 12562

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

STATE OF MONTANA, Acting by and Through
the State Fish and Game Commission and
Members thereof,

Petitioner,

-vs-

DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT
OF THE STATE OF MONTANA IN AND FOR THE COUNTY
OF MADISON and HON. FRANK E. BLAIR, Judge thereof,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

Clayton Herron argued, Helena, Montana

For Respondents:

Corette, Smith and Dean, Butte, Montana
Kendrick Smith argued, Butte, Montana

---

Submitted: September 26, 1973

Decided: DEC 12 1973

Filed: DEC 12 1973

_Thomas J. Kearney_
Clerk

Honorable LeRoy L. McKinnon, District Judge, sitting in place of Mr. Justice John Conway Harrison, delivered the Opinion of the Court.

This is an original proceeding wherein the State Fish and Game Commission, plaintiff in district court, brought this petition for an appropriate writ to control the actions of the district court.

The petitioner is seeking to condemn certain property known as "Beaverhead Rock" for use as a state historical site. In State of Montana, acting by and through the State Fish and Game Commission and the members thereof, Plaintiff, vs. Norman G. Ashcraft and Loretta Gay Ashcraft, Husband and Wife, as joint tenants; Harvey Robson, a single man; Vigilante Electric Cooperative Inc., a Montana corporation; and United States of America, acting by and through the Administrator of the Farmers Home Administration, Defendants, Cause No. 6242, now pending in the district court of the fifth judicial district of the State of Montana in Madison County, after the complaint and the answer had been filed, and while discovery was underway, the defendants petitioned the district court for an order allowing the use of certain specified sales as comparable sales in any valid appraisal by an expert. This motion was supported by an affidavit sworn to by one of defendants' attorneys. The court, after argument of counsel, granted the motion, entered its order and the State now seeks this writ. It should be noted that the order was entered July 7 and this action taken on July 24, 1973. In the interim the defendants have employed an expert who has prepared an appraisal based on the usability of the sales as comparable sales.

An issue is raised as to whether this Court should accept jurisdiction. In Union B. & T. Co. v. State Bk. of Townsend, 103 Mont. 260, 270, 62 P.2d 677, this Court said:

- 2 -

"The district court has sufficient control
over its proceedings to so regulate them
that the rights of parties may be settled
once and for all and as expeditiously as
possible.  And in its supervisory capacity,
this court has the right to direct the dis-
trict court to so proceed as to accomplish
that purpose.  In Zunchich v. Security
Building & Loan Assn., 85 Mont. 341, 278 P.
1011, this court declared that the purpose
of section 9087, Revised Codes, was to
expedite litigation and afford protection to
both persons and property involved in
litigation."

Here, the expeditious settling of rights would require

correct procedure, and to that end this Court will accept

jurisdiction.

The order complained of appears to be somewhat ambiguous

in that it receives different interpretations by the parties

hereto.  It states in effect that certain designated sales may

be used as comparable sales in the trial of this matter in any

valid appraisal by an expert.  The petitioner construes this to

mean that the designated sales may be used in evidence of value

without first laying a foundation to show admissibility.  The

respondent court argues that it means they may be used if a proper

foundation is laid.

The rule is stated in State Highway Comm'n v. Greenfield,

145 Mont. 164, 169, 399 P.2d 989:

" * * * The party calling such expert witness
must also satisfy the trial court that the
sales were recent, in the vicinity, 'and involv-
ing and comparable to the land in issue."

These conditions, as applicable to the facts, must be

met before it can be determined that the expert witness may use

the designated sales as comparable sales to establish value.  A

determination that evidence of any certain sale of property is

admissible in this case to help determine value is premature prior

to trial.  At the time of trial counsel may present his expert

witness and attempt to lay a sufficient foundation for the evidence

he proposes. The trial judge shall then rule on the question of admissibility.

The value to be determined is the fair market value. If historic significance in fact enhances the fair market value, the landowner, of course, is entitled to that enhanced value. The fact that other sales involved property having historic significance is not sufficient foundation, standing alone, to admit such sales as comparable to the property here involved.

Objection is made also that the application was not timely filed subsequent to the district court order dated July 7, 1973. The application for writ bears a filing date of July 24, 1973. We find no unreasonable delay.

The district court is instructed to proceed in accord with the views expressed herein.

Hon. LeRoy L. McKinnon, District
Judge, sitting in place of Mr.
Justice John C. Harrison.

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -