**H. William MOTT, M. D., Appellant (Defendant),**

v.

**Robert ENGLAND, M. D., d/b/a Orthopedic Associates, Appellee (Plaintiff).**

No. 5175.

Supreme Court of Wyoming.

Dec. 31, 1979.

Paul B. Godfrey (argued) of Godfrey & Sundahl, Cheyenne, for appellant.

Bert T. Ahlstrom, Jr. (argued), of Sullivan, Van Court & Ahlstrom, Cheyenne, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant-defendant has filed an appeal from an order of the trial court altering, amending, and setting aside a jury verdict in his favor on appellee-plaintiff's claim and granting to appellee a judgment thereon notwithstanding the verdict. Appellee's claim was predicated on an employment contract between the parties, containing a prohibition on appellant's practice of medicine in Jackson after termination of the employment. Appellee prayed for injunctive relief enforcing this prohibition and for liquidated damages. Appellant presented defenses of fraud and duress, among others, and he counterclaimed for damages resulting from alleged interference by appellee with his practice of medicine and for an accounting.

Appellant filed a jury demand with his answer. Appellee's motion to quash the jury demand was denied at the pretrial hearing. The pleadings were amended, discovery was had, various motions were filed and resolved, and there was a pretrial conference. After a trial, the matter was presented to the jury on eight special interrogatories. In answer to the first two interrogatories, the jury found the employment contract to have been induced by fraud and duress. The special verdict was returned as follows:

"The Jury is instructed to answer each of the following questions:

"1. Was the contract of December 1, 1974, induced by fraud?

Yes __X__ No _____

"2. Was the contract of December 1, 1974, induced by duress?

Yes __X__ No _____

"3. Is the restrictive covenant really necessary for the protection of the Employer (Plaintiff), and the business to which the covenants are an incident?

Yes _____ No __X__

"4. Is the contract reasonable in its restrictions as to time?

Yes _____ No __X__

"5. Is the contract reasonable in its restrictions as to territory?

Yes _____ No __X__

"6. Did the Plaintiff possess any 'trade secrets' which he could impart to the Defendant?

Yes _____ No __X__

"7. Did the Plaintiff actually impart any trade secrets to the Defendant?

Yes _____ No __X__

"8. Would the general public interest be unfavorably or adversely affected by the enforcement of the covenant not to compete?

Yes __X__ No _____."

Following are the pertinent portions of the judgment on the verdict, which was originally entered by the trial court:

"At the conclusion of the evidence the Court reserved ruling on whether or not the defendant's Counterclaim for damages would be subject to further consideration by the Court,[1] the sole issues submitted to the jury being the above described Interrogatories.

---

1. Such reservation does not appear in the record.

"NOW, THEREFORE, the Court in accordance with the Jury's Answers to special Interrogatories finds that the contract of December 1, 1974, is unenforceable and the relief requested by the Plaintiff be, and the same is hereby denied, provided that the Counterclaim of the Defendant and the damages therein claimed shall be reserved for further proceedings by the Court." (Footnote supplied.)

After appellee filed a "Motion to Set Aside the Advisory Jury's Response to Special Interrogatories,[2] or, in the Alternative, to Amend the Special Findings and Make Additional Findings and Amend the Judgment Accordingly, or, in the Alternative for a New Trial," the trial court made the following order and judgment, from which appellant filed the appeal:

"This cause having come on regularly for trial and the jury having rendered a verdict for the defendant, the plaintiff moves the Court for judgment in his favor notwithstanding the verdict on the grounds of insufficiency of evidence to sustain the jury's answers to interrogatories number 1 and 2, and the Court being fully advised in the premises alters and amends and sets aside the jury's findings and grants judgment notwithstanding the verdict for plaintiff with respect to interrogatories 1 and 2."

The trial court supplemented this order and judgment with a memorandum opinion. Following are pertinent portions thereof:

"Interrogatories three through eight were submitted to the jury sitting as an advisory jury. The jury answered all of the interrogatories in favor of defendant. The Court entered its judgment based on the answers to interrogatories submitted to the jury.

"Plaintiff now seeks relief from the judgment on several different theories.

"The Court will set aside, modify and grant a judgment notwithstanding the verdict with respect to the jury's finding that the contract was entered into because of fraud and duress. In other words, the Court will set aside the verdict with respect to the answer to interrogatories on numbers one and two.

"The Court has carefully considered the evidence and does not believe that fraud and duress were shown by the necessary quantum of proof as set out in the following cases: [citing cases]

\* \* \* \* \* \*

"In view of the Court's disposition of this matter, there remains an action on plaintiff's claim for liquidated damages and defendant's counter claim. This matter is set for trial on the ___3rd___ day of __January__, 19_83_."

The following dates are important to us in this case:

February 4, 1976—original complaint filed.

October 18, 1976—special verdict returned after trial.

April 2, 1979 (about 2½ years later)—judgment was entered on verdict.

June 21, 1979—order altering, amending and setting aside verdict and granting judgment notwithstanding the verdict and memorandum opinion entered.

January 3, 1983—date set for trial on additional issues.

The issues argued by the parties on the appeal concern whether or not there was substantial evidence to support the findings of fraud and duress by the jury; whether or not the trial court was "warranted" in setting aside these findings; whether or not the granting of a new trial on appellee's prayer for liquidated damages was "warranted"; and whether or not appellee's motion relative to the verdict "was outside the relief authorized by Rule 59, Wyoming Rules of Civil Procedure." Involved therein are questions relative to the advisory or non-advisory nature of the jury, and the propriety of separate trials on the remedies

---

**2.** The record does not reflect a specific determination by the trial court that the jury was advisory.

prayed for in the complaint and on the complaint and counterclaim.

We need not now address the substantive issues since we find that the appeal was not from an appealable order and judgment and must, therefore, be dismissed.

## NON–APPEALABLE ORDER AND JUDGMENT

■ In the original judgment of April 2, 1979, and also in the memorandum opinion accompanying the order and judgment of June 21, 1979, the trial court recited that judgment was being given only on appellee's claim and not on the counterclaim. In the memorandum opinion, it recited that there also remained "an action on plaintiff's claim for liquidated damages." Therefore, the rights of *the parties* were not determined as required by Rule 54(a), W.R.C.P.[3] The exception to the requirement of Rule 54(a) is set forth as follows in Rule 54(b), W.R.C.P.:

" * * * When more than one (1) claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one (1) or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The trial court has not here made the "express determination" required by this rule. We have held that the rule means that which it says and that

" * * * there can be no appeal from a judgment against one of multiple parties or from the adjudication of one of multiple claims without an express determination by the trial court as to lack of just reason for delay. * * *" *Whitehouse v. Stack*, Wyo., 458 P.2d 100, 100 (1969). *Spriggs v. Pioneer Carissa Gold Mines, Inc.*, Wyo., 453 P.2d 400 (1969); *Olmstead v. Cattle, Inc.*, Wyo., 541 P.2d 49 (1975); *Wheatland Irrigation District v. Two Bar-Muleshoe Water Company*, Wyo., 431 P.2d 257 (1967).

■ Even if the court had made an express determination relative to delay in this case, it would not have been sufficient for a proper appeal. Such determination is not necessarily determinative. It "cannot be employed to permit the appeal of a *partial adjudication* of the rights of one or more of the parties—only a *complete disposition* of the claim relating to *at least one of the parties* may be certified." (Emphasis supplied.) 10 Wright & Miller, Federal Practice and Procedure: Civil § 2653, p. 27 (1973). In granting judgment to appellee notwithstanding the verdict, appellee's liquidated damages were left pending disposition. See *Wheatland Irrigation District v. Two Bar-Muleshoe Water Company, supra.* The rationale for such holding is to protect the policy against piecemeal appeals. See Wright & Miller, supra, § 2658, p. 68 and § 2659, pp. 75–79.

Accordingly, the appeal must be dismissed.

## UNNECESSARY DELAY

■ After the emphasis placed by the judiciary on prompt determination of litigation, we are not only surprised and disappointed at the unnecessary delay in the processing of this case, but we are resolute that such should not occur in direct conflict with law and with the purpose of our rules.

---

**3.** Rule 54(a), W.R.C.P. defines a judgment as "the *final* determination of the rights *of the parties* in action" (emphasis supplied). This definition is necessarily incorporated into Rule 1.04, W.R.A.P., which makes a "judgment rendered or final order made by a district court * * *" reviewable by this court.

Art. 1, § 8 of the Wyoming Constitution provides in part:

"All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered *without* sale, denial or *delay.* * * *" (Emphasis supplied.)

The legislature recognized one of the purposes of the rules of this court to be the prompt determination of litigation. Section 5–2–114, W.S.1977 directs this court to: " * * * adopt, modify and repeal general rules and forms governing pleading, practice and procedure, in *all courts*, of this state, for the purpose of promoting the *speedy and efficient determination of litigation* upon its merits." (Emphasis supplied.)

See *State ex rel. Jones v. District Court of Ninth Judicial District*, 37 Wyo. 516, 263 P. 700 (1928); *Allen v. Allen*, Wyo., 550 P.2d 1137 (1976).[4]

At this time, a prerogatory writ is not before the court in this case. However, the delay of about two and one-half years in entry of judgment on a verdict and the delay of about three and one-half years from recording of disposition of one of the claims and the setting of the rest of the claims for disposition, require this court to exercise its superintending control over the district court in the processing of this matter.

"The supreme court * * * shall have a *general superintending control over all inferior courts*, under such rules and regulations as may be prescribed by law." Art. 5, § 2, Wyoming Constitution. (Emphasis supplied.)

It is the policy of this court that such control be sparingly used, but the extensive, unnecessary and unwarranted delay in the administration of justice in this case requires our attention and corrective action. " * * * '[T]he power of superintending control is an extraordinary power. It is hampered by no specific rules or means for its exercise. It is so general and comprehensive that its complete and full extent and use have practically hitherto not been fully and completely known and exemplified. It is unlimited, being bounded only by the exigencies which call for its exercise. As new instances of these occur it will be found able to cope with them. And, if required, the tribunals having authority to exercise it will, by virtue of it, possess the power to invent, frame, and formulate new and additional means, writs, and processes whereby it may be exerted.' " *Pickus v. Perry*, 59 S.D. 350, 239 N.W. 839, 840 (1931), quoting from 51 L.R.A. Note p. 33 at p. 111; also quoted in Annotation, 112 A.L.R. 1351, 1356 (1938).

" * * * We do not think our laws were intended for the accomplishment of such delays and vexations, nor that the courts should lend themselves to the furtherance of procrastination. The law is neither a lottery nor a game of patience.

"The district court has sufficient control over its proceedings to so regulate them that the rights of parties may be settled once and for all and as expeditiously as possible. And in its supervisory capacity, this court has the right to direct the district court to so proceed as to accomplish that purpose. * * *" *Union Bank & Trust Co. of Helena v. State Bank of Townsend*, 103 Mont. 260, 62 P.2d 677, 682 (1936).

An order will issue accordingly.

## ORDER DISMISSING APPEAL AND DIRECTING THAT THE PROCEEDING RECEIVE EXPEDITIOUS ATTENTION IN THE TRIAL COURT AND NOTICE THEREOF

The appeal in this matter having been fully considered by the court, including briefs and arguments of counsel, and the

---

**4.** Whether advisory or not, it will not be necessary to present the additional issues to a jury inasmuch as such has been waived by the parties. Rule 49, W.R.C.P. provides in part that when the case is submitted to a jury on special interrogatories: " * * * If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. * * *" Such demand was not here made.

court having issued an opinion in connection therewith, it is

ORDERED that appellant's appeal be, and the same hereby is, dismissed, and it is

FURTHER ORDERED that this matter be expedited upon the docket of the District Court, Ninth Judicial District, County of Teton; that such court immediately vacate the setting of the case for trial on January 3, 1983; and that this matter proceed in such court with dispatch and without undue delay, and it is

FURTHER ORDERED that this order be notice to such court and to the parties of this court's disposition of the matter and of its instructions relative to further expeditious handling of it.